IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

METRY KELLY and
EUGENIE KELLY, his wife,

CASE NO.: 09-636-CA-G

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
a foreign insurance corporation,

    Defendants.
_____/

## DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**COMES NOW**, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through undersigned counsel, and files this Memorandum of Law in support of their Motion for Partial Summary Judgment.

**I.    INTRODUCTION**

**A.    Factual Background**

The Plaintiffs, METRY KELLY and EUGENIE KELLY, originally filed a Complaint seeking uninsured motorist coverage under State Farm Mutual Automobile Insurance Company policy number 1590586-D11-59B in which Metry Kelly and Eugenie Kelly are named insureds and the vehicle insured is a 2000 GMC pick-up truck. This policy provides non-stacking uninsured motorist coverage. Mr. Kelly was operating the GMC pick-up truck at the time of the subject motor vehicle accident on September 24, 2008. He is seeking

uninsured motorist coverage for bodily injuries resulting from the accident.

Subsequent to the filing of the original Complaint, the Plaintiffs filed an Amendment to the Complaint alleging stackable uninsured motorist coverage under a second insurance policy issued by the Defendant, State Farm Mutual Automobile Insurance Company, policy number 37 1547-A03-19. That policy reflects that the named insureds are Metry Kelly and Eugenie Kelly and the insured vehicle is a 1973 Chevrolet Corvette. It is undisputed that Mr. Kelly was not operating the 1973 Chevrolet Corvette at the time of the subject accident.

### B. Standard of Review

Florida Rule of Civil Procedure 1.510(c) provides in part that:

> "...the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

There are two (2) requisites for granting summary judgment. First, there must be no genuine issue of material fact. Second, one of the parties must be entitled to judgment as a matter of law regarding the undisputed facts. See *Carpineta v. Shields*, 70 So.2d 573 (Fla. 1954).

## II. LEGAL ARGUMENT

A. State Farm Mutual Automobile Insurance Company policy 37 1457-A03-19 does not provide uninsured motorist coverage under the existing and undisputed facts. The policy sets forth when uninsured motorist coverage is available under the policy and when it is not. The relevant language of the policy is contained on page 16 under the section entitled When Coverage U Does Not Apply. That section states in part:

2

"There is no coverage; ...

2) For bodily injury to an insured:

 a. While occupying a motor vehicle owned by or leased to you, your spouse, or any relative if it is not insured for this coverage under this policy."

The Plaintiff, Metry Kelly, was an insured claiming bodily injury and was occupying an owned motor vehicle not insured under policy number 37 1547-A03-19 at the time of the subject accident. Therefore, uninsured motorist coverage does not apply.

Additionally, other policy language contained on page 16 of the policy states when uninsured motorist coverage under the policy applies if an insured has another State Farm policy.

The policy states under the section entitled <u>If There is Other Coverage</u>:

"1. If uninsured motor vehicle coverage for bodily injury is available to an insured from more than one policy provided by us or any other insurer, any coverage applicable under this policy shall apply:

 a. on a primary basis if the insured sustains bodily injury while occupying 'your car', or while not occupying a motor vehicle or trailer.

 b. on an excess basis if the insured sustains bodily injury while occupying a vehicle not owned by or leased to you, your spouse, or any relative."

In the instant case, the insured, Metry Kelly, was not occupying "your car" which is defined under the policy as the vehicle listed on the declarations page (the 1973 Chevrolet Corvette). Also, the insured, Metry Kelly, was occupying a vehicle which he owned at the time of the accident, the 2000 GMC pick-up. Therefore, none of the contingencies under which State Farm policy number 37 1547-A03-19 would provide uninsured motorist

3

coverage to an insured with another State Farm policy apply to the instant facts.

WHEREFORE, it is indisputable that State Farm Automobile Insurance Company policy number 37 1547-A03-19 does not provide stackable uninsured motorist coverage under the factual circumstances of the subject case and therefore, the Defendant is entitled to summary judgment on this issue.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to **John H. Piccin, Esquire**, Piccin Law Firm, P.O. Box 159, Ocala, FL 34478-0159 by United States Mail this 11th day of September, 2009.

Respectfully submitted,

*/s/ Michael S. Donsky*

BY: MICHAEL S. DONSKY, ESQUIRE
Florida Bar Number: 353523
BIRDER & DONSKY LAW OFFICES, P.A.
Silverleaf Office Park
6224 N. W. 43rd Street, Suite B
Gainesville, Florida 32653
(352) 331-3333
(352) 332-7519 Fax
Attorney for Defendant