IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

METRY KELLY and EUGENIE KELLY,
his wife, and all others similarly situated,

        **CLASS REPRESENTATION**

        Plaintiffs        Case No.09-636-CA-G

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurance
corporation,

        Defendant

_____/

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

COME NOW PLAINTIFFS, Metry Kelly and Eugenie Kelly (collectively "Plaintiffs"),

on behalf of themselves and all others similarly situated, by and through their undersigned

counsel, and file this First Amended Class Action Complaint against Defendant State Farm

Mutual Automobile Insurance Company ("Defendant State Farm"), and in support thereof state:

### I. Jurisdiction

1.    This is an action for damages which exceed $15,000.00.

2.    Plaintiffs are individuals who are residents of Marion County, Florida.

3.    Defendant State Farm is a foreign insurance corporation which at all material times was

    and is authorized to do and was and is doing business in Marion County, Florida and in

    all other counties of the State of Florida.

4.    Venue is proper because the actions complained of occurred in Marion County, Florida.

## II. General Allegations

5.   At all material times hereto, Plaintiffs maintained an insurance policy with State Farm, policy number 159-0586-D11-59B ("Policy A"), which contained uninsured/underinsured motorist coverage.  The declaration page and insurance policy are attached hereto as Exhibit "A."

6.   At all times material hereto there was in effect an insurance policy issued by Defendant State Farm to Plaintiffs, policy number 37 1547-A03-19 ("Policy B"), and containing stackable uninsured/underinsured motorist coverage.  Attached hereto as Exhibit "B" is a copy of the Coverages and Limits for the policy and a copy of the policy.

7.   Both Policy A and Policy B were delivered or issued for delivery in the State of Florida.

8.   At all times material hereto, Plaintiffs have timely paid the premiums on both insurance policies.  Plaintiffs have in this and all other ways fulfilled any and all conditions precedent to Defendant State Farm's performance under both insurance policies.

9.   At all times material hereto, Plaintiffs' vehicles insured under both Policy A and Policy B have been registered and/or principally garaged in Florida.

10.   On or about September 24, 2008, Muraice E. Reid owned a motor vehicle which was operated with his consent by Jelecia Reid in Ocala, Marion County, Florida.  At that time and place Jelecia Reid negligently operated and/or Muraice E. Reid negligently maintained the motor vehicle so that it collided with the vehicle owned and operated by Plaintiff Metry Kelly, and insured under Policy A.

11.   As a direct and proximate result of the foregoing negligence of Muraice E. Reid and/or

2

Jelecia Reid, as described in Paragraph 8, Plaintiff Metry Kelly suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medial and nursing care and treatment, and aggravation of a previously existing condition. The injury to Plaintiff Metry Kelly is permanent within a reasonable degree of medical probability and Plaintiff Metry Kelly will continue to suffer the losses in the future.

12.   As a further, direct and proximate result of the foregoing negligence of Muraice E. Reid and/or Jelecia Reid, as described in Paragraph 8, Plaintiff Eugenie Kelly has incurred medical and hospital expenses for the treatment and care of her husband, Plaintiff Metry Kelly, and has in the past and will in the future suffer the loss of her husband's services, companionship, and consortium.

13.   The value of Plaintiffs' damages exceeds the available liability insurance coverage (which Plaintiffs have already received and were given written permission by Defendant State Farm to accept); and available uninsured motorist coverage.

14.   Plaintiffs have attempted to collect the stackable uninsured/underinsured motorist coverage available to them under Policy B, policy number 37 1547-A03-19, however, Defendant State Farm has denied Plaintiffs the uninsured/underinsured motorist coverage from Policy B, policy number 37 1547-A03-19.

15.   The language in Plaintiffs' Policy B limiting the stackable uninsured/underinsured motorist coverage is on page 16 of the policy under the section When Coverage U Does Not Apply, which states: "There is no coverage... 2) For bodily injury to an insured: a. While occupying a motor vehicle owned by or leased to you, your spouse, or any relative

3

if it is not insured for this coverage under this policy."

16. The above-quoted language purporting to limit the application of the stackable uninsured/underinsured motorist coverage violates Florida Statute § 627.727(9)(d), which states: "(9) Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the office, establishing that if the insured accepts this offer: (d) The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in her or his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased."

17. Defendant State Farm has denied Plaintiffs' stackable uninsured/underinsured motorist coverage under Policy B, policy number 37 1547-A03-19, based on the policy language quoted in Paragraph 15.

18. Defendant State Farm has issued thousands of automobile insurance policies which include stackable uninsured/underinsured motorist coverage in the State of Florida.

19. These policies include limitations on the stackable uninsured/underinsured motorist coverage which use substantially similar, if not identical language.

20. Upon information and belief, Defendant State Farm has denied stackable uninsured/underinsured motorist coverage to numerous class members based on the same or substantially similar language in their insurance policies.

21. Because Defendant State Farm relied and continues to rely on language in its insurance policies that limits the uninsured motorist coverage in a way inconsistent with Florida law, those provisions are void, and Defendant State Farm is liable to Plaintiffs and class

4

members for the full amount of stackable uninsured motorist coverage denied under the

illegal language.

### III.  Class Representation Allegations

22.   The class representation allegations contained in this section III apply only to Count I and

Count II.

23.   Plaintiffs bring this action on behalf of themselves and all others similarly situated as

members of a Damages Subclass, pursuant to Fla. R. Civ. P. 1.220 for breach of contract

based on violations of F.S. § 627.727(9)(d).  Plaintiffs bring this action on behalf of

themselves and all others similarly situated as members of a Declaratory/Injunctive Relief

Subclass pursuant to Fla. R. Civ. P. 1.220.

24.   The Damages Subclass is defined as:

    a.   Each person who is, or was, insured under multiple (i.e., two or more) automobile
liability insurance policies,
        i.   At least one of which included stackable UM motorist coverage and
purported to limit stackable UM coverage for injuries incurred while
operating an automobile owned by the insured to those injuries incurred
when the owned automobile was insured for stackable UM coverage under
the policy containing the UM coverage the insured was trying to stack; and
        ii.   Both of which (1) were purchased by an insured on different vehicles
owned by that insured; (2) included uninsured/underinsured motorist
coverage; and (3) were delivered or issued for delivery in the State of
Florida by Defendant State Farm with respect to a motor vehicle registered
or principally garaged in Florida;
    b.   Who were damaged as a result of the fault of an uninsured and/or underinsured
motorist;
    c.   Whose damages exceeded available liability coverage from the insurance of the
uninsured/underinsured driver and the UM coverage available under the policy
covering the car in which the insured was injured; and
    d.   Who was paid the UM coverage limits on one automobile liability policy issued
by Defendant State Farm, but received no payment from stackable UM coverage
provided by any other automobile liability policy issued by Defendant State Farm.

25.   The Declaratory/Injunctive Relief Subclass is defined as:

    a.   Each person who is insured under multiple (i.e., two or more) automobile liability insurance policies,

        i.   At least one of which includes stackable UM coverage and purports to limit stackable UM coverage for injuries incurred while operating an automobile owned by the insured to those injuries incurred when the owned automobile is insured for stackable UM coverage under the policy containing the UM coverage the insured tries to stack; and

        ii.   Both of which (1) were purchased by an insured on different vehicles owned by that insured; (2) included UM coverage; and (3) were delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida.

26.   Excluded from the class are Defendant, any entity in which Defendant has a controlling interest, or which has a controlling interest in Defendant, and Defendant's officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person, as well as Defendant's assigns and successors. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family. In addition, excluded from the class are (1) all persons who properly execute and timely file a Request for Exclusion, and (2) any persons who have obtained a judgment against Defendant on the claims here presented on or before the date of the filing of this action.

27.   The class is so numerous that joinder of all class members is impracticable. It is believed that the class contains more than 1,000 persons.

28.   There are numerous questions of law and fact common to the class which predominate over any questions affecting only individual class members.

    a.   Common questions of fact include but are not limited to:

        i.   Whether Defendant State Farm breached its contract with Plaintiffs and

6

           class members by its refusal to allow Plaintiffs and class members to stack

           UM coverage;

      ii.     Whether Plaintiffs and class members are entitled to declaratory and

           injunctive relief.

   b.    Common questions of law include but are not limited to:

      i.     Whether the language of Defendant State Farm's automobile insurance

           policies purporting to limit stackable UM coverage to those automobiles

           insured for stackable UM coverage under one policy violates Florida

           Statutes § 627.727(9);

      ii.     Whether Defendant State Farm's attempt to place more limitations on

           stackable UM coverage than those provided in the Florida Statutes voids

           the stackable UM limitation provisions in the insurance contracts.

29.    Plaintiffs are typical class members.  Plaintiffs are members of both subclasses as

defined.

30.    Plaintiffs will fairly and adequately protect and represent the interests of the class.

Plaintiffs do not have any conflicts of interest with the class, since Plaintiffs experiences

are substantially similar to those of the class members.

31.    Proof of the claims of the Plaintiffs will also prove the claims of the class.

32.    Plaintiffs have retained counsel competent and experienced in class action litigation, and

who will fairly and adequately represent the interests of the class.

33.    Plaintiffs and their counsel have or can acquire adequate financial resources to ensure that

interests of the class will not be harmed.

34.   Class representation is superior to other available methods for the fair and efficient

adjudication of the controversy.

    a.   This case is easily managed as a class action.  Plaintiffs believe that Defendant

        State Farms's records of insurance policies are computerized, and that class

        members can be identified and notified without undue effort.

    b.   A class action will allow the expeditious resolution of a large number of identical

        claims without duplication of time, effort and expense.

35.   Defendant State Farm has acted and refused to act upon grounds generally applicable to

the class, therefore making final injunctive and declaratory relief concerning the class as a

whole appropriate.

36.   The Plaintiffs believe and therefore aver that the Plaintiffs and a significant number of

class members are residents of Florida and Marion County, that a significant number of

members of the class conducted business transaction with Defendant State Farm in

Florida and Marion County, and that Defendant State Farm has offices and does business

in Marion County, Florida, making the Circuit Court of the Fifth Judicial Circuit, in and

for Marion County, Florida the appropriate forum for the litigation of the claims of the

entire class.

37.   Because the claims of the class members are so similar, the prosecution of separate claims

by each class member would create a risk that inconsistent or varying adjudications

concerning individual class members which would establish incompatible standards of

conduct for the party opposing the class, or the prosecution of separate claims by each

class member would create the risk of adjudications which would be dispositive of other

8

class members who were not parties to the adjudications, or would substantially impair or impede the ability of other class members who are not party to the adjudications to protect their interests.

### Count I
### Declaratory and Injunctive Relief

38.  Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

39.  Upon information and belief, without declaratory and injunctive relief, Defendant State Farm will continue improperly to deny class members the stackable UM coverage for which class members paid premiums, based on policy language that violates the laws of Florida.

40.  There is an actual case and controversy between Plaintiffs and class members and Defendant State Farm regarding Defendant's obligations to stack UM coverage under automobile insurance policies.  The issue in controversy is whether the language Defendant State Farm included in its policies for automobile insurance purporting to only apply stackable UM coverage for injuries sustained by the insured while occupying an owned automobile where that automobile was insured for stackable UM coverage under the policy the insured is attempting to stack is inconsistent with Florida Statutes § 627.727(9) and therefore void.

41.  Plaintiffs and class members are informed and believe that they are entitled to declaratory relief holding that the above-reference language in Defendant State Farm's automobile insurance policies violates F.S. § 627.727(9) and is therefore void.  Plaintiffs and class members are informed and believe that they are entitled to injunctive relief requiring

Defendant State Farm to provide stackable UM coverage in language as broad as that required by Florida law, and requiring Defendant State Farm to base any future determination of stackable UM coverage on the language of the Florida statutes, rather than on the illegally limiting language of its policies.

## Count II
## Breach of Contract

42. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

43. Plaintiffs have timely paid the premiums on both Policy A and Policy B issued by Defendant State Farm and containing UM coverage. Plaintiffs have fulfilled any and all other conditions precedent to Defendant State Farm's performance under Policy A and Policy B.

44. Plaintiffs made a proper and timely claim for application of the stackable UM coverage contained in Policy B.

45. Defendant State Farm has denied Plaintiffs stackable UM coverage under Policy B. In its denial, State Farm relied upon language in Policy B that places more stringent limitations on stackable UM coverage than F.S. § 627.727(9). Thus, the policy language relied on by Defendant State Farm to deny Plaintiffs stackable UM coverage is void, because it conflicts with F.S. § 627.727(9).

46. Because the policy language relied on by Defendant State Farm to deny Plaintiffs stackable UM coverage is void, Defendant State Farm had and has an obligation under its contract with Plaintiffs contained in Policy B to provide Plaintiffs with the stackable UM coverage contained in Policy B.

47.  Defendant State Farm has failed to, and continues to fail to, meet its obligations to provide Plaintiffs with stackable UM coverage under Policy B.

48.  Defendant State Farm's refusal to allow Plaintiffs to "aggregate" or "stack" multiple UM coverages provided by Defendant State Farm's policies constitutes a breach of contract.

49.  As a direct and proximate result of Defendant State Farm's breach of contract, Plaintiffs have suffered actual damages.

50.  Plaintiffs' damages are liquidated sums; Plaintiffs are entitled to prejudgment interest at the statutory rate.

Count III
Personal Injury

51.  Plaintiff Metry Kelly incorporates and realleges paragraphs 1 through 21 as if fully set forth herein.

52.  Plaintiff Metry Kelly was injured in the automobile accident and has suffered damages described above.

53.  The value of Plaintiff Metry Kelly's damages exceeds available liability insurance coverage (which Plaintiff Metry Kelly has already received and was given written permission by Defendant State Farm to accept) and available uninsured/underinsured motorist coverage.

54.  All conditions precedent have been performed or have occurred.

55.  Defendant State Farm is liable to Plaintiff Metry Kelly for any amount by which Plaintiff Metry Kelly's damages exceed available liability and uninsured/underinsured motorist coverage.

11

## Count IV
### Medical Expense and Loss of Consortium

56.     Plaintiff Eugenie Kelly incorporates and realleges paragraphs 1 through 21 as if fully set

        forth herein.

57.     As a further, direct and proximate result of the foregoing negligence of Muraice E. Reid

        and/or Jelecia Reid, as described in Paragraph 8, Plaintiff Eugenie Kelly has incurred

        medical and hospital expenses for the treatment and care of her husband, Plaintiff Metry

        Kelly, and has in the past and will in the future suffer the loss of her husband's services,

        companionship, and consortium.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

        A.      Certify a statewide class pursuant to Fla. R. Civ. P. 1.220;

        B.      Grant Declaratory and Injunctive relief as set forth in this First Amended

                Class Action Complaint;

        C.      Award actual damages, and interest to Plaintiffs and other class members;

        D.      Award damages to Plaintiff Metry Kelly for personal injury;

        E.      Award damages to Plaintiff Eugenie Kelly for medical expenses and loss

                of consortium;

        F.      Award attorney's fees and costs;

        G.      Grant a trial by jury on all issues so triable.

H.      Such further relief as this Court deems just and proper.

Respectfully submitted this _18th_ day of March, 2010.

JOHN PICCIN, ESQ.
Attorney for Plaintiffs
Florida Bar No. 0194033
PICCIN LAW FIRM
Post Office Box 159
Ocala, Florida 34478-0159
Phone: (352) 351-5446
Fax: (352) 351-8057


PAUL S. ROTHSTEIN, ESQ.
Attorney for Plaintiffs
Florida Bar No.: 310123
626 N.E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133

13

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' First Amended Class Action Complaint has been furnished to Michael Donsky, BIRDER, DONSKY & PARMENTER, P.A., Attorneys for Defendant, State Farm Mutual Automobile Insurance Company, Silverleaf Office Park, 6224 N.W. 43rd Street, Suite B, Gainesville, FL 32653, by U. S. mail on March ___, 2010.


_____

John H. Piccin
Attorney for Plaintiffs