UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

METRY KELLY and EUGENIE KELLY, )
his wife, and all others similarly situated, )
)
Plaintiff(s), )
) Case No. 5:10-CV-194-OC-32GRJ
v. )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a foreign )
insurance corporation, )
)
Defendant. )
_____)

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), responds to the Plaintiff's First Amended Class Action Complaint as follows:

### I. Jurisdiction

1. Defendant State Farm admits the allegations set forth in Paragraph 1 for jurisdictional purposes only.

2. Defendant State Farm is without sufficient knowledge or information to respond to the allegations set forth in Paragraph 2 and, therefore, denies same.

3. Defendant State Farm admits the allegations set forth in Paragraph 3.

4. Defendant State Farm admits that venue is not improper.

## II. General Allegations

5. Defendant State Farm admits that automobile insurance policy number 159-0586-D11-59B ("Policy A") was in force and effect on the date of the accident. The policy speaks for itself as to its terms, conditions, and coverages. Defendant State Farm admits that Policy A included nonstacked uninsured motorist coverage and that the policy limits were $100,000 per person/$300,000 per accident. Defendant State Farm denies that Plaintiffs attached any Exhibit "A" to Plaintiffs' First Amended Class Action Complaint, and, therefore, denies that Plaintiffs have presented a true and correct copy of Policy A as an attachment to Plaintiffs' First Amended Class Action Complaint.

6. Defendant State Farm admits that it issued and delivered to the Plaintiffs automobile insurance policy number 37 1547-A03-19 ("Policy B"). The policy speaks for itself as to its terms, conditions, and coverages. Defendant State Farm denies that Policy B provides stackable uninsured motorist coverage for the accident that is the subject of Plaintiffs' First Amended Class Action Complaint. Defendant State Farm also denies that Plaintiffs attached any Exhibit "B" to Plaintiff's First Amended Class Action Complaint, and, therefore, denies that Plaintiffs have presented a true and correct copy of Policy B as an attachment to Plaintiffs' First Amended Class Action Complaint.

7. Defendant State Farm denies that Policy B was delivered or issued for delivery in the State of Florida. Defendant State Farm admits that Policy A was a Florida insurance policy.

8. Defendant State Farm admits that Plaintiffs paid premiums for Policy A and Policy B. Defendant State Farm is without sufficient knowledge or information to respond to

the allegation set forth in Paragraph 8 that Plaintiffs have performed all conditions precedent to coverage under such policies, and, therefore, denies same.

9. Upon information and belief, Defendant State Farm admits that the vehicle insured under Policy A was located in the State of Florida at the time of the accident that is the subject of the Plaintiffs' First Amended Class Action Complaint. Defendant State Farm denies that the Plaintiffs' 1973 Chevrolet Corvette was registered or licensed in the State of Florida at such time. Defendant State Farm is without sufficient knowledge or information to respond to the allegations set forth in Paragraph 9 regarding the whereabouts of the vehicle insured under Policy B and, therefore, denies same.

10. Defendant State Farm admits that the accident that is the subject of the Plaintiffs' First Amended Class Action Complaint occurred on or about September 24, 2008, and that the accident resulted in injuries to Plaintiff Metry Kelly. Defendant State Farm further admits that Plaintiff was operating a 2000 GMC pick-up truck at the time of the accident, which was insured under Policy A.

11-12. Defendant State Farm admits that Plaintiff Metry Kelly sustained bodily injuries as a result of the subject motor vehicle accident. The severity of such injuries is in dispute and/or not yet known. Defendant State Farm is without sufficient knowledge or information to respond to the remaining allegations set forth in Paragraphs 11 and 12 and, therefore, denies same.

13. Defendant State Farm admits that Plaintiffs have received available liability insurance coverage of the alleged tortfeasor and that it has remitted to Plaintiff Metry Kelly

the full amount of PIP coverage available to him. Defendant State Farm denies the remaining allegations set forth in Paragraph 13.

14. Defendant State Farm admits that Plaintiffs have attempted to collect coverage under Policy B, but denies that Policy B provides coverage for the accident that is the subject of Plaintiffs' First Amended Class Action Complaint.

15. Defendant State Farm admits that Policy B contains the language quoted in Paragraph 15 of Plaintiffs' First Amended Class Action Complaint.

16. Responding to the allegations set forth in Paragraph 16 of Plaintiffs' First Amended Class Action Complaint, Defendant State Farm denies the applicability of Florida Statute § 627.727, and further denies that it has violated the foregoing statute with respect to the Plaintiffs' claim for UM benefits.

17. Defendant State Farm denies that Policy B provides stackable uninsured motorist coverage for the accident that is the subject of Plaintiffs' First Amended Class Action Complaint.

18. Defendant State Farm admits that it sells and issues both stackable and nonstackable uninsured motorist coverage in the State of Florida, and further admits that it has issued thousands of automobile insurance policies in the State of Florida.

19. Defendant State Farm denies that Policy B is a Florida policy, and as such, Defendant State Farm further denies that Policy B is substantially similar or identical to the policies sold, issued, and/or delivered to Florida residents for the purpose of insuring vehicles principally garaged in the State of Florida.

20. Defendant State Farm denies the allegations set forth in Paragraph 20.

21. Defendant State Farm denies the allegations set forth in Paragraph 21.

### III. Class Representation Allegations

22. Paragraph 22 states Plaintiffs' characterization of their allegations, to which no response is required. To the extent a response is required, Defendant State Farm denies all allegations and legal conclusions set forth in Paragraph 22 and expressly denies that Plaintiffs are entitled to represent a class and that either Plaintiffs or the putative class are entitled to any relief.

23. Paragraph 23 states conclusions of law and Plaintiffs' characterization of their allegations, to which no response is required. To the extent a response is required, Defendant State Farm denies all allegations and legal conclusions set forth in Paragraph 23 and expressly denies that Plaintiffs are entitled to represent a class and that either Plaintiffs or the putative class are entitled to any relief. Defendant State Farm also expressly denies that Florida law, generally, and Fla. Stat. § 627.727(9)(d), in particular, apply to Policy B.

24. Paragraph 24 states Plaintiffs' characterization of their allegations, to which no response is required. To the extent a response is required, Defendant State Farm denies all allegations and legal conclusions set forth in Paragraph 24 and expressly denies that Plaintiffs have adequately defined any class and/or are entitled to represent a class and that either Plaintiffs or the putative class are entitled to any relief.

25. Paragraph 25 states Plaintiffs' characterization of their allegations, to which no response is required. To the extent a response is required, Defendant State Farm denies all allegations and legal conclusions set forth in Paragraph 25 and expressly denies that Plaintiffs have adequately defined any class and/or are entitled to represent a class and that either

Plaintiffs or the putative class are entitled to any relief.

26. Paragraph 26 states Plaintiffs' characterization of their allegations, to which no response is required. To the extent a response is required, Defendant State Farm denies all allegations and legal conclusions set forth in Paragraph 26 and expressly denies that Plaintiffs have adequately defined any class and/or are entitled to represent a class and that either Plaintiffs or the putative class are entitled to any relief.

27. Defendant State Farm is without sufficient knowledge or information to respond to the allegations set forth in Paragraph 27 and, therefore, denies same.

28. Defendant State Farm expressly denies that Florida law, generally, and Fla. Stat. § 627.727(9)(d), in particular, apply to any automobile insurance policy issued, executed or delivered to any putative class member outside the State of Florida, including, without limitation, Policy B. Defendant State Farm is without sufficient knowledge or information to respond to the remaining allegations set forth in Paragraph 28 and, therefore, denies same.

29. Defendant State Farm denies the allegations set forth in Paragraph 29.

30. Defendant State Farm denies the allegations set forth in Paragraph 30.

31. Defendant State Farm denies the allegations set forth in Paragraph 31.

32. Defendant State Farm is without sufficient knowledge or information to respond to the allegations set forth in Paragraph 32 and, therefore, denies same.

33. Defendant State Farm is without sufficient knowledge or information to respond to the allegations set forth in Paragraph 33 and, therefore, denies same.

34. Defendant State Farm denies the allegations set forth in Paragraph 34.

35. Defendant State Farm denies the allegations set forth in Paragraph 35.

36. Responding to the allegations set forth in Paragraph 36 of Plaintiffs' First Amended Class Action Complaint, Defendant State Farm admits that it conducts business in Marion County, Florida, but expressly denies that any of its business transactions entitle Plaintiffs or any of the putative class members to any relief. Defendant State Farm is without sufficient knowledge or information to respond to the allegation set forth in Paragraph 36 related to the residency of Plaintiffs and/or any of the putative class members and, therefore, denies same. The remainder of Paragraph 26 states legal conclusions, to which no response is required. To the extent a response is required, Defendant State Farm is without sufficient knowledge or information to respond to the allegations and, therefore, denies same. Except as expressly admitted here, Defendant State Farm denies all remaining allegations in Paragraph 36.

37. Defendant State Farm denies the allegations set forth in Paragraph 37.

## Count I
## Declaratory and Injunctive Relief

38. Defendant State Farm reasserts and incorporates its responses to Paragraphs 1 through 37.

39-41. Defendant State Farm admits that a dispute exists between Plaintiffs and Defendant State Farm as to whether Policy B provides coverage for Plaintiffs' uninsured motorist claims arising out of the September 24, 2008 accident that is the subject of Plaintiffs' First Amended Class Action Complaint. Defendant State Farm expressly denies that Policy B provides coverage for any of Plaintiffs' alleged damages and/or injuries arising out of such accident, and further denies that Florida law, generally, and Fla. Stat. §

627.727(9), in particular, apply to any automobile insurance policy issued, executed or delivered to any putative class member outside the State of Florida, including, without limitation, Policy B. Defendant State Farm also denies that Plaintiffs or any of the putative class members are entitled to any declaratory or injunctive relief. Defendant State Farm further denies that Plaintiffs' factual allegations set forth in Count I are sufficient to state a cause of action for declaratory and injunctive relief. Plaintiffs' claim for injunctive relief is subject to Defendant State Farm's Motion to Dismiss, For a More Definite Statement, and/or to Strike, which is filed contemporaneously herewith.

## Count II
## Breach of Contract

42. Defendant State Farm reasserts and incorporates its responses to paragraphs 1 through 37.

43-50. Defendant State Farm denies that Policy B provides coverage for any of Plaintiffs' alleged damages and/or injuries arising out of the September 24, 2008 accident that is the subject of Plaintiffs' First Amended Class Action Complaint. Defendant State Farm further denies that it has breached Policy B with respect to Plaintiffs' claims for uninsured motorist coverage, or that it has failed to provide stackable uninsured motorist coverage to the putative class members as alleged in Plaintiffs' First Amended Class Action Complaint. Defendant State Farm also denies that Florida law, generally, and Fla. Stat. § 627.727(9), in particular, apply to any automobile insurance policy issued, executed or delivered to any putative class member outside the State of Florida, including, without limitation, Policy B.

## Count III
## Personal Injury

51-55. Paragraphs 51-55 are subject to Defendant State Farm's Motion to Dismiss, For a More Definite Statement, and/or to Strike, which is filed contemporaneously herewith.

## Count IV
## Medical Expense and Loss of Consortium

56-57. Paragraphs 56-57 are subject to Defendant State Farm's Motion to Dismiss, For a More Definite Statement, and/or to Strike, which is filed contemporaneously herewith.

58. To the extent not expressly admitted, Defendant State Farm denies each and every allegation in Plaintiffs' First Amended Class Action Complaint.

59. Defendant State Farm denies the allegations set forth in the "Wherefore" Clause or Prayer for Relief section of Plaintiffs' First Amended Class Action Complaint in their entirety and denies that Plaintiffs and/or the putative class members are entitled to the relief sought therein or any relief whatsoever.

**Affirmative Defenses**

1. Defendant State Farm states that Maine law applies to the insurance coverage dispute as to Policy B and, under Maine law, Plaintiffs are not entitled to uninsured motorist coverage with respect to Policy B.

2. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, to the extent that Plaintiff Metry Kelly and/or the putative class members were comparatively negligent and/or at fault with respect to the relevant motor vehicle accidents. Defendant State Farm also states that any recovery of Plaintiffs and/or the putative class members should be set off

with respect to the percentage of fault of Plaintiff Metry Kelly and/or any of the putative class members.

3. Defendant State Farm states that any recovery of Plaintiffs and/or any of the putative class members should be set off with respect to any collateral source payments received by Plaintiffs and/or any of the putative class members, and any recovery of Plaintiffs and/or any of the putative class members should be reduced by the amount of liability insurance coverage and other uninsured/underinsured motorist coverage paid to Plaintiffs and/or the putative class members.

4. Defendant State Farm states that Plaintiff Metry Kelly's recovery should be reduced with respect to his claim for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease to the extent such recovery is barred under the language of his insurance policy and/or Florida law.

5. Defendant State Farm states that Plaintiffs' purported class allegations are insufficient as a matter of law under Rule 23 of the Federal Rules of Civil Procedure. Defendant State Farm specifically reserves the right to challenge the sufficiency of Plaintiffs' purported class allegations, and the proposed class treatment of this action, at the appropriate stage of this action.

6. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by failure to satisfy conditions precedent under the respective policies of insurance.

7. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the

doctrines of res judicata, collateral estoppel, and claim preclusion.

8. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the doctrines of payment, compromise and/or settlement.

9. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by express and/or implied release of those claims.

10. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the doctrine of accord and satisfaction.

11. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or forfeiture.

12. Defendant State Farm hereby incorporates all of the provisions, exclusions and conditions contained within the policies of insurance under which Plaintiffs and/or the putative class members purport to sue. The claims asserted in Plaintiffs' First Amended Class Action Complaint may be barred, in whole or in part, by the express terms, conditions, and requirements of the policies of insurance.

13. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by failure to comply with exhaustion requirements of their policies of insurance, or other prerequisites for bringing suit in the respective policies at issue.

14. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, to the extent that any applicable public policy or express provision of law precludes or restricts coverage.

15. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the applicable statutes of limitation. Plaintiffs' proposed class definition is not temporally limited. Many putative class members' alleged claims will be time-barred under the laws of the States in which the putative class members reside and/or out of which their respective policies of insurance issued.

16. Defendant State Farm states some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the equitable doctrine of laches. Plaintiffs and/or some or all of the putative class members may have negligently and unreasonably delayed in commencing a lawsuit against Defendant State Farm. None of the putative class members have taken any action to assert a cause of action to date. Defendant State Farm has been prejudiced by these delays.

17. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by failure to mitigate or to take such actions as are reasonably necessary to mitigate any damages sustained.

18. Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by because any alleged injury suffered by Plaintiffs and/or some or all putative class members did not

result from or was not proximately caused by any act or omission or any wrongful conduct on the part of Defendant State Farm.

19.     Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, because the matters contained in the Plaintiffs' First Amended Class Action Complaint are within the primary jurisdiction of the departments of insurance in the States in which the putative class members reside and/or out of which their respective policies of insurance issued.

20.     Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, because Plaintiffs and/or some or all of the putative class members have failed to exhaust administrative remedies.

21.     Plaintiffs' claims, and the claims of some or all of the putative class members, violate Art. IV § 1 of the United States Constitution insofar as they would result in the invocation of Florida common or statutory law, or use of a Florida judicial forum, in a manner that does not give full faith and credit to the public Acts, Records, and Judicial Proceedings of other states.

22.     Plaintiffs' claims, and the claims of some are all of the putative class members, violate Art. II, § 8, cl. 2 of the United States Constitution insofar as they would result in the invocation of Florida common or statutory law, or the use of Florida judicial forum, in a manner that imposes an unreasonable burden on interstate commerce.

23.     Defendant State Farm states that some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, because

some or all of the acts alleged in the Plaintiffs' First Amended Class Action Complaint were undertaken by individuals acting outside the scope of any actual, apparent, or ostensible authority required to render Defendant State Farm liable therefore.

24. Defendant State Farm states that Plaintiffs' claims and/or the claims of some or all putative class members for injunctive relief are barred, in whole or in part, because they have an adequate remedy at law.

25. Defendant State Farm may have additional defenses that cannot now be articulated due to the generality and ambiguity of Plaintiffs' First Amended Class Action Complaint. Accordingly, Defendant State Farm expressly reserves the right to supplement the foregoing and to plead any and all additional defenses available under the law.

WHEREFORE, having fully answered Plaintiffs' First Amended Class Action Complaint, Defendant State Farm prays that it be granted:

(a) a judgment dismissing Plaintiffs' First Amended Class Action Complaint;

(b) an award of costs and disbursements incurred herein; and

(c) such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of May, 2010.

        BUTLER PAPPAS WEIHMULLER
        KATZ CRAIG LLP

        */s/ Brian D. Webb*
        JOHN W. WEIHMULLER, ESQ.
        Florida Bar No. 0442577
        jweihmuller@butlerpappas.com
        BRIAN D. WEBB, ESQ.
        Florida Bar No. 0073989
        bwebb@butlerpappas.com
        777 S. Harbour Island Boulevard Suite 500

Tampa, Florida 33602
(813) 281-1900
(813) 281-0900 (*Facsimile*)

Of Counsel:

Cari K. Dawson (*pro hac vice* admission pending)
cari.dawson@alston.com
Kyle G.A. Wallace (*pro hac vice* admission pending) ALSTON & BIRD LLP
kyle.wallace@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000
(404) 881-7777 (*Facsimile*)

*Attorneys for Defendant State Farm Mutual*
*Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I certify I presented the foregoing to the Clerk of Court for filing and uploading to the EM/ECF system, which will send a Notice of Electronic Filing to the following:

John Piccin, Esq.
jp@piccinlawfirm.com
Piccin Law Firm
Post Office Box 159
Ocala, FL 34478

Paul S. Rothstein, Esq.
paul.s.rothstein@att.biz
626 N.E. First St.
Gainesville, FL 32601

This 14th day of May, 2010.

/s/ Brian D. Webb
BRIAN D. WEBB, ESQ.