UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

METRY KELLY and EUGENIE KELLY, )
his wife, and all others similarly situated, )
)
    Plaintiffs, )
)
vs. )    Case No. 5:10-CV-194-OC-32GRJ
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a foreign )
insurance corporation, )
)
    Defendant. )
_____ )

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE PLAINTIFFS' CLAIMS UNDER FED. R. CIV. P. 12

Defendant, State Farm Mutual Automobile Insurance Company ("STATE FARM"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss Plaintiffs' claims for "Injunctive Relief" (Count I), "Prejudgment Interest" (Count II), "Personal Injury" (Count III), and "Medical Expenses and Loss of Consortium" (Count IV). In the alternative, STATE FARM moves this Court, pursuant to Federal Rules of Civil Procedure 12(e) and 12(f), to strike and/or order a more definite statement of the claims identified above. In support of the foregoing, STATE FARM shows the Court as follows:

### INTRODUCTION AND STATEMENT OF ALLEGATIONS

This case involves a dispute regarding the amount of primary uninsured/underinsured motorist ("UM") benefits, if any, owed to Plaintiffs under State Farm Policy No. 159-0586-D11-59B ("Policy A"), and the availability of stackable UM

1

coverage under State Farm Policy No. 37 1547-A03-19 ("Policy B"). (First Am. Class Action Compl., ¶¶ 5-6). Plaintiffs' claims arise out of a September 2008 motor vehicle accident between Plaintiff Metry Kelly and an underinsured Florida motorist. (*See id.*, ¶¶ 10-12). At the time of the automobile accident, Plaintiff Metry Kelly was operating the motor vehicle insured under Policy A, not Policy B. (*Id.*, ¶ 10).

Plaintiffs allege that their damages exceed "the available liability insurance coverage (which Plaintiffs have already received and were given written permission by Defendant STATE FARM to accept), and available uninsured motorist coverage." (First Am. Class Action Compl., ¶ 13). Plaintiffs further allege that they are entitled to "stack" the UM coverage provided under Policy A and Policy B, and that STATE FARM is liable to Plaintiffs for the full coverage available under both policies.[1] (*See, e.g., id.*, ¶¶ 14-21). Because Plaintiff Metry Kelly was not occupying the vehicle insured under Policy B at the time of the accident, however, the plain language of Policy B precludes Plaintiffs from collecting UM benefits under that policy: "There is no coverage . . . 2) for bodily injury to an insured: a. While occupying a motor vehicle owned by or leased to you, your spouse, or any relative if it is not insured for this coverage under this policy." (*Id.*, ¶ 15). To avoid the exclusionary language of Policy B, Plaintiffs now allege that the anti-stacking provision in Plaintiffs' Policy B (and similar language in the policies of putative class members) is void

---

[1] Notably, Plaintiffs have failed to allege or otherwise show any factual support for their claim of damages in excess of coverage limits. (*See* First Am. Class Action Compl., ¶ 13). Thus, as a practical matter, Plaintiffs have yet to establish that they are entitled to collect even the full amount of primary UM coverage available under Policy A, much less any of the allegedly "stackable" UM coverage under Policy B.

under Florida Statute § 627.727(9)(d).[2] (*See, e.g., id.*, ¶¶ 16, 21).

At its core, this lawsuit is nothing more than a contract dispute between Plaintiffs and their insurer. Instead of pleading it as such, Plaintiffs assert four separate counts against STATE FARM: Count I ("Declaratory and Injunctive Relief"), Count II ("Breach of Contract"), Count III ("Personal Injury"), and Count IV ("Medical Expense and Loss of Consortium").[3] Count I seeks a declaration that the anti-stacking provision in Policy B, and other similar policies, is void as a matter of law under Florida Statute § 627.727(9). (First Am. Class Action Compl., ¶ 41). It also purports to assert a claim that Plaintiffs (and the putative class members) are "entitled to injunctive relief requiring Defendant STATE FARM to provide stackable UM coverage in language as broad as that required by Florida law, and requiring Defendant STATE FARM to base any future determination of stackable UM coverage on the language of the Florida statutes, rather than on the illegally limiting language of its policies." (*Id.*). Count II alleges breach of contract resulting from STATE FARM's enforcement of the anti-stacking provision of Policy B and seeks prejudgment interest as a component of Plaintiffs' alleged contract damages. (*Id.*, ¶¶ 45-50). Counts III and IV seek to recover from STATE FARM "any amount by which Plaintiff Metry Kelly's damages exceed available liability and uninsured/underinsured motorist coverage" (*id.*, ¶ 55), and "medical expense and [Plaintiff Eugenie Kelly's] loss of

---

[2] STATE FARM disputes that Policy B was "delivered or issued for delivery in the State of Florida." (First Am. Class Action Compl., ¶ 7). In fact, STATE FARM intends to prove that Policy B was issued and delivered in Maine, not Florida, and that Maine law governs the validity and interpretation of Policy B. (*See, e.g.*, Ans. to First Am. Class Action Compl., ¶¶ 7, 9, 14, 16, 19, 43-50).

[3] Plaintiffs only assert Counts I and II on behalf of the putative class. (First Am. Class Action Compl., ¶ 22).

consortium" in connection with Plaintiff Metry Kelly's injuries. (*Id.*, ¶¶ 56-57).

As explained in more detail below, the Count I claim for injunctive relief, and the Counts II, III and IV claims for prejudgment interest, personal injury, medical expenses and loss of consortium, are subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[4] Plaintiffs have pled nothing more than legal conclusions without the required factual predicate to support their entitlement to the specific damages and injunctive relief sought. In the alternative, STATE FARM requests this Court to strike and/or require Plaintiffs to plead a more definite statement of the claims for injunctive relief, prejudgment interest, personal injury, medical expenses and loss of consortium.

## SUMMARY OF ARGUMENT

In Count I of the First Amended Class Action Complaint, Plaintiffs seek "declaratory and injunctive relief" concerning their entitlement to UM coverage allegedly provided under certain automobile insurance policies issued by STATE FARM to Plaintiffs, Metry Kelly and Eugenie Kelly, and other class members. (*See* First Am. Class Action Compl., ¶¶ 38-41). Plaintiffs (and putative class members) allege that they are "entitled to injunctive relief requiring Defendant STATE FARM to provide stackable UM coverage in language as broad as that required by Florida law, and requiring Defendant STATE FARM to base any future determination of stackable UM coverage on the language of the Florida statutes, rather than on the illegally limiting language of its policies." (*Id.*, ¶ 41).

Plaintiffs, however, have failed to state a cause of action for injunctive relief

---

[4] STATE FARM has served contemporaneously herewith an answer addressing the claim for declaratory relief asserted in Count I, as well as Count II ("Breach of Contract").

because: (a) Plaintiffs have failed to allege that they will suffer irreparable harm unless the status quo is maintained; (b) Plaintiffs have failed to allege that they have no adequate remedy at law; (c) Plaintiffs have failed to allege sufficient facts from which this Court may find that they have a clear legal right to the relief sought; and (d) Plaintiffs have failed to allege that an injunction would serve the public interest. *See Ware v. Polk County*, 918 So. 2d 977, 979 (Fla. 2d DCA 2005). Therefore, Plaintiffs' claim for injunctive relief is subject to dismissal pursuant to Rule 12(b)(6), or, alternatively, should be pled more definitely pursuant to Rule 12(e).[5]

In Count II, Plaintiffs seek "prejudgment interest at the statutory rate" in connection with their breach of contract claim. (First Am. Class Action Compl., ¶ 50). In addition, Plaintiffs' "prayer for relief" seeks an award of damages and "interest." (*Id.* at p. 12, § C). Under Florida law, an insured who prevails in a lawsuit seeking UM coverage is not entitled to prejudgment interest. *See, e.g., Aetna Cas. & Sur. Co. v. Langel*, 587 So. 2d 1370, 1374 (Fla. 4th DCA 1991); *Cooper v. Aetna Cas. & Sur. Co.*, 485 So. 2d 1367 (Fla. 2d DCA 1986). Prejudgment interest is allowed only on liquidated claims, not claims where, as here, the plaintiff seeks unliquidated or uncertain damages. *See Morales Sand & Soil L.L.C. v. Kendall*, 923 So. 2d 1229, 1232 (Fla. 4th DCA 2006); *Air Ambulance Prof'ls, Inc. v. Thin Air*, 809 So. 2d 28, 31 (Fla. 4th DCA 2002). Therefore, Plaintiffs have failed to state a claim for prejudgment interest, and such claim is subject to dismissal pursuant to Rule 12(b)(6). Alternatively, the Court should strike the claim for prejudgment interest

---

[5] As noted above, STATE FARM has filed an answer to that portion of Count I seeking declaratory relief on the issue of whether certain of STATE FARM's policies are facially void as inconsistent with Florida Statute § 627.727(9). (*Id.*).

pursuant to Rule 12(f).

In Count III, Plaintiff Metry Kelly seeks to hold STATE FARM liable "for any amount by which Plaintiff Metry Kelly's damages exceed available liability and uninsured/underinsured motorist coverage." (First Am. Class Action Compl., ¶ 55). In Count IV, Plaintiff Eugenie Kelly seeks to recover damages for "medical expense and loss of consortium" in connection with injuries her husband, Metry Kelly, sustained in the accident with the alleged underinsured motorist. (*Id.*, ¶¶ 56- 57). Counts III and IV fail to state a cause of action because Plaintiffs have failed to allege the grounds supporting their claims for relief. It is unclear whether Plaintiffs impermissibly seek to recover damages in excess of the limits of coverage provided under Policy A and Policy B. Moreover, Plaintiffs do not allege the theory under which they contend STATE FARM owes them a duty to pay any damages for personal injury, medical expenses and loss of consortium. Because Plaintiffs have failed to allege the existence of a duty, have failed to describe the duty owed, and have failed to identify the grounds for such duty, Counts III and IV each fail to state a cause of action against STATE FARM.

The gravamen of Counts III and IV is that Plaintiffs seek to hold STATE FARM responsible for extracontractual damages. As such, Counts III and IV appear to allege premature quasi-bad faith claims against STATE FARM. Under Florida law, however, a cause of action for bad faith does not accrue until the resolution of the insured's claim for benefits under the relevant policy. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991). Thus, any such claim is premature and void as a matter of law. Plaintiffs have failed to state viable claims for personal injury, medical expenses and loss

of consortium, and these claims are subject to dismissal pursuant to Rule 12(b)(6), or, alternatively, should be pled more definitely pursuant to Rule 12(e).

## ARGUMENT AND CITATION OF AUTHORITY

### A. *Standard of Review*

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In resolving any motion to dismiss, factual allegations in the complaint are assumed true and construed favorably to the opposing party. *Beck v. Deloitte & Touche*, 144 F.3d 732, 753-36 (11th Cir. 1998). This tenet, however, does not apply to legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949-50; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). A plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). A complaint cannot survive a motion to dismiss if it merely tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Moreover, only a complaint that states a "plausible" claim for relief survives a motion to dismiss. *See id.* at 562. "Facial plausibility" requires pleading sufficient, **nonconclusory** factual content to allow the reasonable inference that the defendant is liable

for the alleged misconduct. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B  *Plaintiffs fail to state a claim for injunctive relief.*

Under Florida law, a party seeking injunctive relief must allege and ultimately establish: (1) irreparable harm absent the entry of the injunction; (2) no adequate legal remedy exists; (3) a clear legal right to the relief sought; and (4) that the injunction will serve the public interest. *Ware v. Polk County*, 918 So. 2d 977, 979 (Fla. 2d DCA 2005). The First Amended Class Action Complaint contains no factual allegations supporting any of these elements. The only allegation addressing the claim for injunctive relief states: "Plaintiffs and [putative] class members are informed and believe that they are entitled to injunctive relief requiring Defendant STATE FARM to provide stackable UM coverage in language as broad as that required by Florida law, and requiring Defendant STATE FARM to base any future determination of stackable UM coverage on the language of the Florida statutes, rather than on the illegally limiting language of its policies." (First Am. Class Action Compl., ¶ 41). This is not a factual allegation, but merely a legal conclusion.

Plaintiffs allege, in conclusory fashion, that they (and others similarly situated) are "informed and believe that they are entitled to injunctive relief." But, they present no factual allegations to support this alleged collective belief. Plaintiffs have not alleged, factually or otherwise, that: (1) they or others similarly situated will suffer irreparable harm absent the requested injunction; (2) the declaratory relief and breach of contract claims are inadequate to address Plaintiffs' concern that "STATE FARM will continue improperly to

deny . . . stackable UM coverage" (First Am. Class Action Compl., ¶ 39); (3) there is a substantial likelihood of success on the merits of the claim for injunctive relief; or (4) an injunction is necessary in order to serve the public interest. In short, Plaintiffs did not include any allegations establishing a factual predicate for their injunctive relief claim. It is neither STATE FARM's nor this Court's burden to decipher a viable claim from Plaintiffs' pleadings, particularly because injunctive relief is an "extraordinary remedy that 'requires a clear legal right, free from reasonable doubt.'" *Net First Nat'l Bank v. First Telebanc Corp*, 834 So. 2d 944, 950 (Fla. 4th DCA 2003) (quoting *Dania Jai Alai Int'l, Inc. v. Murua*, 375 So. 2d 57, 58 (Fla. 4th DCA 1979)); *see also Morgan v. Herff Jones, Inc.* 883 So. 2d 309, 313 (Fla. 2d DCA 2004) (noting that temporary injunctive relief is meant to "preserve the status quo until full relief can be granted in a final hearing" and thus "should be granted only sparingly and only after the moving party has alleged and proved facts entitling it to relief").

### C    *Plaintiffs fail to state claims for personal injury, medical expenses and loss of consortium.*

Plaintiffs' allegations with respect to Counts III ("Personal Injury") and IV ("Medical Expenses and Loss of Consortium") are similarly deficient. Plaintiffs allege that "[t]he value of Plaintiffs' damages exceeds the available liability insurance coverage . . . and available uninsured motorist coverage." (First Am. Class Action Compl., ¶ 13). In Count III, Plaintiff Metry Kelly also avers that STATE FARM is "liable. . . for any amount by which Plaintiff Metry Kelly's damages exceed available liability and uninsured/underinsured motorist coverage." (*Id.*, ¶ 55). The purpose for and meaning of these allegations is wholly unclear, and thus the Court should dismiss Counts III and IV or,

alternatively, order Plaintiffs to plead a more definite statement of their claims.

None of Plaintiffs' allegations explain the basis for their apparent claim that STATE FARM is liable for amounts that "exceed[] the available liability insurance coverage . . . and available uninsured motorist coverage." (*See* First Am. Class Action Compl., ¶ 13). An insurer is only liable for damages in excess of policy limits where such liability is a foreseeable consequence of the insurer's conduct. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Welsh*, 501 So. 2d 54, 56 (Fla. 4th DCA 1987). Plaintiffs do not present a single allegation to support any claim that liability in excess of policy limits is a foreseeable consequences of any conduct on the part of STATE FARM. Although it appears that Plaintiffs may have intended to allege a bad faith denial of coverage claim,[6] a bad faith cause of action does not accrue, if at all, until the resolution of the insured's claim for benefits under the policy. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289 (Fla. 1991) (an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits). Thus, to the extent Plaintiffs seek to assert a quasi-bad faith claims against STATE FARM, such claim is not yet ripe for prosecution and should be dismissed.

In addition, it is unclear that Counts III and IV constitute valid causes of action independent of Plaintiffs' breach of contract claim. These counts appear to be nothing more than Plaintiffs' articulation of the types of damages for which they seek to recover UM benefits under Policy A and Policy B, and thus represent damages flowing from

---

[6] STATE FARM denies that it has engaged in any conduct to support a bad faith claim.

the contractual breach alleged against STATE FARM in Count II. If there are valid grounds to support these claims as independent causes of action, Plaintiffs have not properly pled them. As such, this Court should dismiss Counts III and IV under Rule 12(b)(6) or, alternatively, require Plaintiffs to provide a more definite statement of their claims.

### D     *Plaintiffs fail to state a claim for prejudgment interest.*

Plaintiffs also seek to recover from STATE FARM "prejudgment interest at the statutory rate" in connection with Count II ("Breach of Contract"). (First Am. Class Action Compl., ¶ 50; *see also id.* at p. 12, § C). "[W]hether prejudgment interest is allowed depends on the nature of the damages claimed." *Scheible v. Joseph L. Morse Geriatric Ctr., Inc.*, 988 So. 2d 1130, 1134 (Fla. 4th DCA 2008). In Florida, as a matter of law, an insured who prevails in a lawsuit seeking UM coverage for personal injury damages is not entitled to prejudgment interest. *See, e.g., Aetna Cas. & Sur. Co. v. Langel*, 587 So. 2d 1370, 1374 (Fla. 4th DCA 1991); *Cooper v. Aetna Cas. & Sur. Co.*, 485 So. 2d 1367 (Fla. 2d DCA 1986).

In such cases, "although the [plaintiffs'] action was based upon a contract of insurance, it was still essentially one for the recovery of personal injury damages, and, accordingly, the [plaintiffs] were not entitled to pre-judgment interest." *Langel*, 587 So. 2d at 1374 (*quoting Cooper*, 485 So. 2d at 1368); *see also United Servs. Auto Ass'n v. Strasser*, 530 So. 2d 1026, 1027 (Fla. 4th DCA 1988) (affirming denial of prejudgment interest). In other words, as a matter of law, the personal injury damages covered by UM insurance are not damages of a nature that supports an award of prejudgment interest.

11

*Accord Morales Sand & Soil L.L.C. v. Kendall Props. & Invs.*, 923 So. 2d 1229, 1232 (Fla. 4th DCA 2006) (stating that "'[d]amages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, *i.e.*, from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law'") *(quoting Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662 (Fla. 5th DCA 1983)); *Air Ambulance Prof'ls, Inc. v. Thin Air*, 809 So. 2d 28, 31 (Fla. 4th DCA 2002) (reversing award of prejudgment interest on unliquidated breach of contract damages because "[p]rejudgment interest is allowed on only liquidated claims, that is, sums which are certain, but which the defendant refuses to surrender"). Because Plaintiffs here seek to recover unliquidated amounts for personal injury and loss of consortium, they are precluded as a matter of law from obtaining prejudgment interest.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, STATE FARM respectfully requests the following:

(a) that this Court dismiss Plaintiffs' claims for injunctive relief (Count I), personal injury (Count III), and medical expenses and loss of consortium (Count IV), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted;

(b) in the alternative, that this Court enter an order requiring Plaintiffs to provide a more definite statement of the grounds allegedly supporting Plaintiffs' claims for injunctive relief (Count I), prejudgment interest (Count II), personal injury (Count III), and medical expenses and loss of consortium (Count

IV), pursuant to Fed. R. Civ. P. 12(e), including a requirement that Plaintiffs state the nature and extent of any duty they contend that STATE FARM owes to Plaintiffs and any factual allegations supporting such claims; and

(c) that this Court dismiss or strike from the First Amended Class Action Complaint, pursuant to Fed. R. Civ. P. 12(f), the demand for prejudgment interest and any allegations made to support such demand.

Respectfully submitted this 14th day of May, 2010.

> BUTLER PAPPAS WEIHMULLER
> KATZ CRAIG LLP
>
> */s/ Brian D. Webb*
> JOHN W. WEIHMULLER, ESQ.
> Florida Bar No. 0442577
> jweihmuller@butlerpappas.com
> BRIAN D. WEBB, ESQ.
> Florida Bar No. 0073989
> bwebb@butlerpappas.com
> 777 S. Harbour Island Boulevard Suite 500
> Tampa, Florida 33602
> (813) 281-1900
> (813) 281-0900 (*Facsimile*)

Of Counsel:

Cari K. Dawson (*pro hac vice* admission pending)
cari.dawson@alston.com
Kyle G.A. Wallace (*pro hac vice* admission pending) ALSTON & BIRD LLP
kyle.wallace@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000
(404) 881-7777 (*Facsimile*)

*Attorneys for Defendant State Farm Mutual
Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I certify I presented the foregoing to the Clerk of Court for filing and uploading to the EM/ECF system, which will send a Notice of Electronic Filing to the following:

> John Piccin, Esq.
> jp@piccinlawfirm.com
> Piccin Law Firm
> Post Office Box 159
> Ocala, FL 34478
>
> Paul S. Rothstein, Esq.
> paul.s.rothstein@att.biz
> 626 N.E. First St.
> Gainesville, FL 32601

This 14th day of May, 2010.

> _/s/ Brian D. Webb_
> BRIAN D. WEBB, ESQ.