UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| METRY KELLY and EUGENIE KELLY, his wife, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) Case No.: 5:10-CV-194-OC-32GRJ |
| v. | ) ) ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance corporation, | ) ) ) ) |
| Defendant. | ) ) ) |

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs, Metry Kelly and Eugenie Kelly, for themselves and on behalf of all others similarly situated, by and through their undersigned counsel, hereby move this Court for an order remanding this action to the state court in which it was originally filed, and in support thereof, state:

1.  On February 3, 2009 Plaintiffs initiated suit against State Farm Mutual Automobile Insurance Company ("State Farm") in the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida. On March 18, 2010 Plaintiffs moved for leave to file Plaintiff's First Amended Class Action Complaint ("Class Complaint"), which motion the state court granted, deeming the Class Complaint properly filed as of April 8, 2010.

2.  State Farm filed its Notice of Removal with this Court on May 7, 2010, and on that same day notified the state court of the removal. State Farm's Notice of Removal focused in large part on the provisions of the Class Action Fairness Act ("CAFA"), and how those

1

provisions grant this Court's jurisdiction over this action.

3.      CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). Thus, even cases dealing with removal in contexts other than CAFA apply to the analysis of removal and remand under CAFA.

4.      On a motion to remand, the removing party bears the burden of establishing jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Lowery*, 483 F.3d at 1208, quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). Because removal actions raise significant federalism concerns, federal courts are directed to construe removal statutes strictly. *Univ. of S. Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). All doubts about jurisdiction should be resolved in favor of remand to state court. *Id.* In deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

5.      Removal to federal court under CAFA requires at least (1) an amount in controversy of $5 million in the aggregate, (2) minimal diversity, and (3) 100 or more plaintiffs. *See Lowery*, 483 F.3d at 1202-03.

6.      State Farm has failed to meet its burden to show that the $5 million amount in controversy requirement has been met. The Class Complaint does not specify the amount of damages sought. Thus, State Farm bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Lowery*, 483 F.3d at 1210, 1211.

7.      Under 28 U.S.C. § 1446(b), removal may be based on the plaintiff's initial pleading, or a copy of an amended pleading, motion, order or other paper, however, if removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. *Snead v. AAR Mfg., Inc.*, No. 8:09-CV-1733-T-30EAJ, 2009 WL 3242013 (M.D.Fla. Oct. 6, 2009), citing *Lowery*, 483 F.3d at 1212-13 and 1215.[1]

8.      "A case does not become removable as a CAFA case until a document is 'received by the defendant from the plaintiff - be it the initial complaint or a later received paper... [that] unambiguously establish[es] federal jurisdiction." *Thomas v. Bank of America Corp.*, 570 F.3d 1280, 1283 (11th Cir. 2009), citing *Lowery*, 483 F.3d at 1213.

9.      "Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the *plaintiff* has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) the defendant *must have received from the plaintiff* (or from the court, if the document is an order), and from which

---

[1]There is an unpublished 11th Circuit case, *Kok v. Kadant Black Clawson, Inc.*, 274 Fed.Appx. 856 (11th Cir. 2008), which held, in an individual employment discrimination case, that the defendant had established that the amount in controversy had been met where the defendant relied upon plaintiff's W-2 forms and an affidavit stating the value of plaintiff's benefits. *Kok*, 274 Fed.Appx. at 857. However, in the *Kok* plaintiff's motion for remand, though he disavowed any recovery beyond $74,999, he did not assert that the amount in controversy was less than the jurisdictional threshold when he filed his complaint. *Id.* Unpublished opinions like *Kok*, though they may potentially be cited as persuasive authority, are not binding precedent. *See* U.S.Ct. of App. 11th Cir. Rule 36-2, 28 U.S.C.A. The Middle District case of *Snead v. AAR Mfg., Inc.*, No. 8:09-CV-1733-T-30EAJ, 2009 WL 3242013 (M.D.Fla. Oct. 6, 2009) ignored the *Kok* decision, and quoted *Lowery* approvingly. *See Snead*, 2009 WL 3242013 at *1 and *3, n. 2. The *Kok* decision is not binding on district courts. *See Brown v. American Exp. Co., Inc.*, No. 09-61758-CIV, 2010 WL 527756, *5 (S.D.Fla. Feb. 10, 2010). The *Brown* court chose to follow *Lowery* and rejected the *Kok* decision. *Id.*

(3) the defendant can "first ascertain" that federal jurisdiction exists." *Lowery*, 483 F.3d at 1215, n. 63, citing 28 U.S.C. § 1446(b) (emphasis added). In *Lowery*, the defendant's argument in favor of removal was buttressed primarily by a supplement to defendant's notice of removal filed after plaintiff had filed a motion to remand. *Lowery*, 483 F.3d at 1220. In that supplement, the defendant contended that the requisite amount in controversy could be derived from the number of plaintiffs and the nature of the claims, as well as from a review of the value of other purportedly similar tort claims from Alabama, the jurisdiction where the action was filed. *Id.* Regarding the first contention, the Lowery court held that the defendant's burden to establish the amount in controversy could not be met by estimating the total number of plaintiffs and a low recovery threshold that plaintiffs would likely meet. *Id.* Such a conclusion would require impermissible speculation. *Id.* The Lowery court held that the additional "evidence" of the value of purportedly similar tort claims could not support jurisdiction primarily because "this evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. *Id.* As such, the evidence is not of the sort contemplated by § 1446(b)." *Id.* at 1220-21. The *Lowery* court also questioned, even if the defendants had received their evidence of other suits from the plaintiffs, whether the general evidence advanced by defendants was of use in determining the value of a particular suit. *Id.* at 1221.

10. As *Lowery* makes unequivocally clear, where damages are unspecified in the complaint, the factual information establishing the jurisdictional amount must come from the plaintiff. *Innovative Health and Wellness LLC v. State Farm Mut. Auto. Ins. Co.*, No. 08-60786-CIV, 2008 WL 3471597 (S.D.Fla. Aug. 11, 2008). The defendant in *Innovative Health* relied on affidavit of its systems analyst and its claims representative to support its contention that the

amount in controversy exceeded $5 million, thereby making the case subject to federal jurisdiction under CAFA. *Id.* at *3. Closely following *Lowery*, the *Innovative Health* court held that "the problem with Defendant's notice of removal is that Defendant improperly relies on documents that were not supplied by Plaintiff. In other words, Defendant may not rely on the affidavits of [its systems analyst] and [its claims representative] to establish the requisite jurisdictional amount because Defendant did not receive this factual information from Plaintiff." *Id.* at *4. Similarly, the problems with State Farm's Notice of Removal is that State Farm relies upon information that it did not receive from Plaintiffs, and therefore cannot be sufficient to establish the jurisdictional amount.

11. State Farm's conclusion that the $5 million amount in controversy requirement has been met is necessarily based on documents that did not come from Plaintiffs, but rather on the Declaration of Jay Heib, attached to State Farm's Notice of Removal as Exhibit "B." *See* Notice of Removal.

12. Nowhere in the complaint, nor any other document that may have been provided by Plaintiffs to State Farm, nor in any communication between Plaintiffs, or their attorneys, and State Farm, or its attorneys, has Plaintiff set forth any combination of facts sufficient to show that the aggregate amount in controversy exceeds $5 million. Thus, within the documents upon which State Farm is permitted to rely, there is not sufficient evidence to show that the $5 million amount in controversy requirement has been satisfied, and therefore this Court is without subject matter jurisdiction over this action.

13. In determining whether the jurisdictional amount in controversy has been met, it is too speculative for a court to consider potential attorney's fees. *See Englemann v. Hartford*

*Casualty Ins. Co.*, No. 8:09-CV-2274-T-30EAJ, 2009 WL 5176551, *3 (M.D. Fla. Dec. 23, 2009), citing *Russell Corp. v. Ward*, No. 3:08-CV-293-WKW, 2008 WL 2852311, *3 (M.D.Ala. July 22, 2008). Thus, State Farm's contention in their Notice of Removal that the amount of potential attorney's fees should be used to meet the $5 million amount in controversy requirement asks this Court to engage in excessive speculation and should be rejected. Specifically interpreting the statute at issue, Fla. Stat. § 627.428, the 11th Circuit held that "the rights of the class members to recover attorney's fees under Fla. Stat. § 627.428 are separate and distinct, and the amount of attorney's fees may not be aggregated to establish the requisite amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). By contrast, the cases cited by State Farm stand only generally for their assertion that statutory attorney's fees may be included in the amount in controversy, and are distinguishable from the instant case. *Springstead v. Crawfordsville State Bank*, 231 U.S. 541 (1913) does not deal with class actions and again holds only generally that statutory attorney's fees may be included in the jurisdictional amount. The case of *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) only references the applicability of attorney's fees to amount in controversy in a footnote, again stating only the general rule that attorney's fees do not count toward the amount in controversy unless they are statutory. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) does not address Fla. Stat. § 627.428.

14. State Farm seems to state in its Notice of Removal that all Class Members seek the full extent of the stackable uninsured/underinsured motorist ("stackable UM") policies. *See* Notice of Removal, pg. 7-8. State Farm uses this assumption to support its argument that the jurisdictional amount in controversy has been met. *See* Notice of Removal, pg. 7-9. State Farm

misunderstands the wording of the Class Complaint, however, as Plaintiffs and Class Members have requested contribution from the stackable UM policies only to the extent that their damages from their accidents exceed other available insurance, including the uninsured/underinsured motorist ("UM") policy that covered the vehicle in which they were injured.  The class definition says nothing about Class Members' damages being equal to or exceeding the limits of the stackable UM coverage.  *See* Class Complaint, pg. 5-6.  The Named Plaintiffs have sustained damages in excess of the stackable UM coverage at issue in this action, and thus have been denied the full extent of the stackable UM policy, and thus are entitled to the full extent of that policy.  However, this does not mean that all Class Members have suffered damages in excess of the stackable UM policy.  If a hypothetical Class Member suffered only $5,000 in damages in excess of all other applicable insurance, including the UM coverage on the vehicle in which they were injured, and they had a stackable UM policy on another vehicle for $10,000, the Class Member would receive only $5,000 from the stackable UM policy, not the full $10,000 limit of the policy.  Thus, even if this Court finds that State Farm may properly rely on the Declaration of Jay Heib, State Farm's calculations still presume more than has been alleged in the Class Complaint.  To attempt to calculate at this stage an average amount by which all Class Member's damages exceed all other available insurance, and thus the damages Class Members are actually seeking, would require excessive speculation.  Additionally, State Farm would base the number of Class Members in its calculation of the damages sought by Class Members on Plaintiffs' assertion in the Class Complaint that the Class contains more than 1,000 persons.  The 1,000 persons number, however, does not only refer to those Class Members who are entitled to damages, but also to those entitled to the declaratory and injunctive relief.  To attempt to include

the value of that declaratory and injunctive relief would be speculative in the extreme, and thus cannot be used to establish the jurisdictional amount.  In a similar situation, the 11th Circuit has held that where a class complaint sought the recovery of "all premiums collected by [Bank of America] from Plaintiff and class members... for various insurance products for which Plaintiff and the class members were ineligible to receive thereunder," but did not indicate the number of individuals in either of the proposed classes, nor the monetary amount of the recovery sought, the amount in controversy could not be sufficiently established.  *Thomas*, 570 F.3d at 1281-83.  The lower court in *Thomas* found that because the complaint did not allege that every consumer of the insurance products was entitled to the entire amount of the fees paid for the products, that there was great uncertainty regarding the amount in controversy and the class size.  *Id.* at 1282-83.  Finding that the complaint provided no information indicating the amount in controversy or the number of individuals in the alternative classes, the *Thomas* court affirmed the district court's remand of the case to state court.  *Id.* at 1283.

15.   State Farm's removal of this case at this time is at least premature.[2]  Plaintiffs do not contend at this time that the $5 million amount in controversy requirement can never be met, nor do Plaintiffs intend to foreclose the possibility of demanding or recovering greater than $5 million for the Class Members at some point in the future.  However, at this time, the evidence presented, whether limited to that received by State Farm from Plaintiffs or not, is insufficient to

---

[2]If in the future evidence sufficient to support the $5 million amount in controversy is received by State Farm from Plaintiffs, neither this Court's granting to Motion to Remand nor any elapsed time will affect State Farm's ability to properly remove this action.  28 U.S.C. § 1453 precludes the application of the one year limitation under 28 U.S.C. § 1446(b) to class actions.  28 U.S.C. § 1453(b).  Thus, if evidence sufficient to show that the $5 million amount in controversy has been met is received by State Farm from Plaintiffs, even a year or more after the action is filed, 1446(b) will not preclude the possibility of removal.

meet State Farm's burden of proof to show that the amount in controversy has been met, and thus is insufficient to support removal.

WHEREFORE, Plaintiffs respectfully request that this Court find that State Farm has not met is burden of proving the amount in controversy by a preponderance of the evidence, enter an order remanding this action back to state court, and grant any other relief this Court deems just and proper.

Respectfully submitted this 7th day of June, 2010

/s/ Paul S. Rothstein
Paul S. Rothstein
Attorney for Plaintiffs
Florida Bar No.: 310123
626 N. E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133

**CERTIFICATE OF SERVICE**

      I certify I presented the foregoing to the Clerk of Court for filing and uploading to the EM/ECF system, which will send a Notice of Electronic Filing to the following:

John W Weihmuller
weihmuller@butlerpappas.com
Brian D. Webb
bwebb@butlerpappas.com
Butler Pappas, LLP
Suite 500
777 S Harbour Island Blvd
Tampa, FL 33602-5723
813/281-1900
813/281-0900 (fax)


Kyle G.A. Wallace
kyle.wallace@alston.com
Allison S. Thompson
allison.thompson@alston.com
Alston & Bird, LLP
Suite 4200
1201 W Peachtree St NE
Atlanta, GA 30309-3424
404/881-7000
404/881-7777 (fax)

Cari K. Dawson
cari.dawson@alston.com
Alston & Bird, LLP*
1201 W Peachtree St
Atlanta, GA 30309-3424
404/881-7766
404/881-7777 (fax)

      This 7th day of June, 2010.

                                                 /s/ Paul S. Rothstein
                                           PAUL S. ROTHSTEIN