UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

METRY KELLY and EUGENIE KELLY, )
his wife, and all others similarly situated, )
)
      Plaintiffs, ) Case No.: 5:10-cv-194-Oc-32TEM
)
v. )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a foreign )
insurance corporation, )
)
      Defendant. )
_____)

**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

      COME NOW PLAINTIFFS, Metry Kelly and Eugenie Kelly (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and file this Plaintiffs' Second Amended Class Action Complaint against Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm"), and in support thereof state:

**I. Jurisdiction and Venue**

1.    This action was originally filed in the Circuit Court for the Fifth Judicial Circuit, in and for Marion County, Florida. Defendant State Farm subsequently removed this action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs filed Plaintiffs' Motion to Remand on June 7, 2010. Defendant State Farm responded and the matter was referred to a magistrate. On September 23, 2010 Magistrate Judge Gary R. Jones issued a Report and Recommendation recommending that Plaintiffs' Motion to

1

Remand be denied. The 14 days in which Plaintiffs had to object to that recommendation have elapsed, and Plaintiffs have not objected. Thus this Court has jurisdiction over this action, and venue is proper, based on the foregoing facts.

## II. General Allegations

2. At all material times hereto, Plaintiffs maintained an insurance policy with State Farm, policy number 159-0586-D11-59B ("Policy A"), which contained uninsured/underinsured motorist ("UM") coverage. The declaration page and insurance policy are attached hereto as Exhibit "A." Policy A was delivered or issued for delivery in the State of Florida.

3. At all times material hereto Plaintiffs maintained an insurance policy issued by Defendant State Farm to Plaintiffs, policy number 37 1547-A03-19 ("Policy B"), which contained UM coverage. Attached hereto as Exhibit "B" is a copy of the Coverages and Limits for the policy and a copy of the policy. Policy B was originally purchased by Plaintiffs in the State of Maine. Plaintiffs subsequently moved to Florida. After Plaintiffs moved to Florida, Policy B was subsequently delivered or issued for delivery in the State of Florida on a vehicle principally garaged in Florida.

4. When Policy B was delivered or issued for delivery in the State of Florida, State Farm failed to provide Plaintiffs with notice of the limitations on UM coverage contained in Florida Statutes § 627.727(9)(a) through (9)(e), and of the fact that the limitations on UM coverage contained in Policy B was an alternative to coverage without such limitations, as required by Florida Statutes § 627.727(9).

5. At all times material hereto, Plaintiffs have timely paid the premiums on both insurance policies. Plaintiffs have in this and all other ways fulfilled any and all conditions

      precedent to Defendant State Farm's performance under both insurance policies.

6. On or about September 24, 2008, Muraice E. Reid owned a motor vehicle which was operated with his consent by Jelecia Reid in or around Ocala, Florida. At that time and place Jelecia Reid negligently operated and/or Muraice E. Reid negligently maintained the motor vehicle so that it collided with the vehicle owned and operated by Plaintiff Metry Kelly, and insured under Policy A.

7. As a direct and proximate result of the foregoing negligence of Muraice E. Reid and/or Jelecia Reid, as described in Paragraph 5, Plaintiff Metry Kelly suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medial and nursing care and treatment, and aggravation of a previously existing condition. The injury to Plaintiff Metry Kelly is permanent within a reasonable degree of medical probability and Plaintiff Metry Kelly will continue to suffer the losses in the future.

8. As a further, direct and proximate result of the foregoing negligence of Muraice E. Reid and/or Jelecia Reid, as described in Paragraph 5, Plaintiff Eugenie Kelly has incurred medical and hospital expenses for the treatment and care of her husband, Plaintiff Metry Kelly, and has in the past and will in the future suffer the loss of her husband's services, companionship, and consortium.

9. The value of Plaintiffs' damages exceeds the available liability insurance coverage (which Plaintiffs have already received and were given written permission by Defendant State Farm to accept), and available UM coverage under Policy A, policy number 159-0586-D11-59B. The value of Plaintiffs' damages also exceeds the UM coverage under

Policy B, policy number 37 1547-A03-19, which Plaintiffs were denied based on policy language inconsistent with Florida law.

10. Plaintiffs have attempted to collect the UM coverage available to them under Policy B, policy number 37 1547-A03-19, however, Defendant State Farm has denied Plaintiffs the UM coverage from Policy B, policy number 37 1547-A03-19.

11. The language in Plaintiffs' Policy B limiting the UM coverage is on page 16 of the policy under the section **If There Is Other Coverage**.

12. The above referenced language in Plaintiffs' Policy B on page 16, under the section **If There Is Other Coverage**, ambiguously and unclearly limits Plaintiffs' UM coverage in violation of Florida Statute § 627.727(9)(a), read in conjunction with Florida Statute § 627.727(9)(c), which state:

"(9) Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the office, establishing that if the insured accepts this offer: (a) The coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person for any one accident, except as provided in paragraph (c). ... (c) If the injured person is occupying a motor vehicle which is not owned by her or him or by a family member residing with her or him, the injured person is entitled to the highest limits of uninsured motorist coverage afforded for any one vehicle as to which she or he is a named insured or insured family member. Such coverage shall be excess over the coverage on the vehicle the injured person is occupying."

13. Upon information and belief, Defendant State Farm has denied Plaintiffs' UM coverage under Policy B, policy number 37 1547-A03-19, based on the policy language referenced in Paragraph 10, which is inconsistent with Florida law.

14. The language in Plaintiffs' Policy B limiting the UM coverage is on page 16 of the policy under the section **When Coverage U Does Not Apply**, which states: "There is no

coverage... 2) For bodily injury to an insured: a. While occupying a motor vehicle owned by or leased to you, your spouse, or any relative if it is not insured for this coverage under this policy."

15. The above-quoted language purporting to limit the application of the UM coverage violates Florida Statute § 627.727(9)(d), which states:

"(9) Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the office, establishing that if the insured accepts this offer: (d) The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in her or his household who are injured while occupying any vehicle owned by such insured for which uninsured motorist coverage was not purchased."

16. Upon information and belief, Defendant State Farm has denied Plaintiffs' UM coverage under Policy B, policy number 37 1547-A03-19, based on the policy language quoted in Paragraph 13.

17. As a result of Defendant State Farm's failure to provide Plaintiffs the notice required by Florida Statutes § 627.727(9), as alleged in Paragraph 4, the language limiting UM coverage in Policy B is void and cannot be used to limit the stackability of the UM coverage under Policy B.

18. Upon information and belief, Defendant State Farm has issued more than 100 automobile insurance policies which: (1) include UM coverage, (2) purport to limit UM coverage in a way inconsistent with Florida law, (3) were first issued in a state other than Florida, and (4) were subsequently delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida.

19. These policies include limitations on UM coverage which use substantially similar, if not identical language as those in Plaintiffs' Policy B.

20. Upon information and belief, Defendant State Farm has denied UM coverage to numerous class members based on the same or substantially similar language in their insurance policies, which language is the same or substantially similar as the language in Policy B that purports to limit UM coverage.

21. Because Defendant State Farm relied and continues to rely on language in its insurance policies that limits the UM coverage in a way inconsistent with Florida law, those provisions are void, and Defendant State Farm is liable to Plaintiffs and class members for the full amount of UM coverage denied under the illegal language.

22. Upon information and belief, Defendant State Farm has issued more than 100 automobile insurance policies which: (1) include UM coverage, (2) included limitations on UM coverage, (3) were first issued in a state other than Florida, (4) were subsequently delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida, and (5) regarding which State Farm did not provide notice of the limitations on UM coverage and that such limited coverage is an alternative to coverage without those limitations, as required by Florida Statutes § 627.727(9).

23. Upon information and belief, Defendant State Farm has denied and will continue to deny UM coverage to numerous class members based on language that is void because those class members did not receive the notice required by Florida Statutes § 627.727(9).

### III. Class Representation Allegations

24. Plaintiffs bring this action on behalf of themselves and all others similarly situated as members of two Damages Subclasses, pursuant to Rule 23, Fed. R. Civ. P. for breach of contract based on violations of F.S. § 627.727(9). Plaintiffs bring this action on behalf of themselves and all others similarly situated as members of two Declaratory/Injunctive Relief Subclasses pursuant to Rule 23, Fed. R. Civ. P.

25. The Damages (Inconsistent Language) Subclass is defined as:

   a. Each person who is, or was, an insured under multiple (i.e., two or more) automobile liability insurance policies,
      i. Both of which (1) were purchased on different vehicles owned by an insured; and (2) included UM coverage; and
      ii. At least one of which (1) purported to limit UM coverage in a way inconsistent with Florida law, and (2) was first issued in a state other than Florida, and (3) was subsequently delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida;
   b. Who was damaged as a result of the fault of an uninsured and/or underinsured motorist;
   c. Whose damages exceeded available liability coverage from the insurance of the uninsured/underinsured driver and the UM coverage available under the policy covering the vehicle in which the insured was injured; and
   d. Who attempted to stack the UM coverage of the policy that purported to limit UM coverage in a way inconsistent with Florida law with the UM coverage available under the policy covering the vehicle in which the insured was injured; and
   e. Who was denied UM coverage from the policy that purported to limit UM coverage in a way inconsistent with Florida law; and
   f. Who met the preceding conditions not more than six (6) years before April 8, 2010.

26. The Damages (Notice) Subclass is defined as:

   a. Each person who is, or was, an insured under multiple (i.e., two or more) automobile liability insurance policies,
      i. Both of which (1) were purchased on different vehicles owned by an insured; and (2) included UM coverage; and
      ii. At least one of which (1) included language that limited UM coverage, and

      (2) was first issued in a state other than Florida, and (3) was subsequently delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida, and (4) regarding which policy Defendant State Farm did not provide notice as required by Florida Statutes § 627.727(9);

  b.  Who was damaged as a result of the fault of an uninsured and/or underinsured motorist;

  c.  Whose damages exceeded available liability coverage from the insurance of the uninsured/underinsured driver and the UM coverage available under the policy covering the vehicle in which the insured was injured; and

  d.  Who attempted to stack the UM coverage of the policy regarding which Defendant State Farm did not provide the notice required by Florida Statutes § 627.727(9) with the UM coverage available under the policy covering the vehicle in which the insured was injured; and

  e.  Who was denied UM coverage from the policy regarding which Defendant State Farm did not provide the notice required by Florida Statutes § 627.727(9); and

  f.  Who met the preceding conditions not more than six (6) years before April 8, 2010.

27.  The Declaratory/Injunctive Relief (Inconsistent Language) Subclass is defined as:

  a.  Each person who is insured under an automobile liability insurance policy that:
     i.  Includes UM coverage,
     ii.  Purports to limit UM coverage in a way inconsistent with Florida law,
     iii.  Was first issued in a state other than Florida, and
     iv.  Was subsequently delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida.

28.  The Declaratory/Injunctive Relief (Notice) Subclass is defined as:

  a.  Each person who is insured under an automobile liability insurance policy that:
     i.  Includes UM coverage,
     ii.  Includes language limiting UM coverage,
     iii.  Was first issued in a state other than Florida,
     iv.  Was subsequently delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida, and
     v.  Regarding which Defendant State Farm did not provide notice as required by Florida Statutes § 627.727(9).

29.  Excluded from the class are Defendant, any entity in which Defendant has a controlling

interest, or which has a controlling interest in Defendant, and Defendant's officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person, as well as Defendant's assigns and successors. Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family. In addition, excluded from the class are (1) all persons who properly execute and timely file a Request for Exclusion, and (2) any persons who have obtained a judgment against Defendant on the claims here presented on or before the date of the filing of this action.

30. The class is so numerous that joinder of all class members is impracticable. Upon belief, the number of policies pertinent to this action exceeds the minimum number of policies necessary to warrant being brought as a class action.

31. There are numerous questions of law and fact common to the class which predominate over any questions affecting only individual class members.

    a. Common questions of fact include but are not limited to:

        i. Whether Defendant State Farm breached its contract with Plaintiffs and class members by its refusal to allow Plaintiffs and class members to stack UM coverage;

        ii. Whether Defendant State Farm provided notice to Plaintiffs and Class members as required by Florida Statutes § 627.727(9); and

        iii. Whether Plaintiffs and class members are entitled to declaratory and injunctive relief.

    b. Common questions of law include but are not limited to:

       i.      Whether the language of Defendant State Farm's automobile insurance policies (initially issued in a state other than Florida but subsequently delivered or issued for delivery in the State of Florida by Defendant State Farm with respect to a motor vehicle registered or principally garaged in Florida) purporting to limit UM coverage violates Florida Statutes § 627.727(9); and

      ii.     Whether Defendant State Farm's attempt to limit UM coverage in a way inconsistent with the Florida Statutes voids the UM coverage limitation provisions in the policies.

32. Plaintiffs are typical class members. Plaintiffs are members of both subclasses as defined.

33. Plaintiffs will fairly and adequately protect and represent the interests of the class. Plaintiffs do not have any conflicts of interest with the class, since Plaintiffs' experiences are substantially similar to those of the class members.

34. Proof of the claims of the Plaintiffs will also prove the claims of the class.

35. Plaintiffs have retained counsel competent and experienced in class action litigation, and who will fairly and adequately represent the interests of the class.

36. Plaintiffs and their counsel have or can acquire adequate financial resources to ensure that interests of the class will not be harmed.

37. Class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

    a.    This case is easily managed as a class action. Plaintiffs believe that Defendant

        State Farms's records of insurance policies are computerized, and that class members can be identified and notified without undue effort.

    b.    A class action will allow the expeditious resolution of a large number of identical claims without duplication of time, effort and expense.

38.    Defendant State Farm has acted and refused to act upon grounds generally applicable to the class, therefore making final injunctive and declaratory relief concerning the class as a whole appropriate pursuant to Rule 23(b)(2), Fed. R. Civ. P.

39.    The Plaintiffs believe and therefore aver that the Plaintiffs and a significant number of class members are residents of Florida, that a significant number of members of the class conducted business transactions with Defendant State Farm in Florida, and that Defendant State Farm has offices and does business in the Middle District of Florida, making the Middle District of Florida the appropriate forum for the litigation of the claims of the entire class.

40.    Because the claims of the class members are so similar, the prosecution of separate claims by each class member would create a risk that inconsistent or varying adjudications concerning individual class members which would establish incompatible standards of conduct for the party opposing the class, or the prosecution of separate claims by each class member would create the risk of adjudications which would be dispositive of other class members who were not parties to the adjudications, or would substantially impair or impede the ability of other class members who are not party to the adjudications to protect their interests.

## Count I
## Declaratory and Injunctive Relief

41. Plaintiffs incorporate and reallege paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiffs and Class members are without adequate remedy at law, making injunctive and declaratory relief appropriate.

43. Plaintiffs and Class members will suffer irreparable harm if the Court does not render the injunctive and declaratory relief requested in this complaint.

44. Upon information and belief, without declaratory and injunctive relief, Defendant State Farm will continue to improperly deny class members UM coverage for which class members paid premiums, based on policy language that violates the laws of Florida and/or based on policy language that is void as a result of Defendant State Farm's failure to provide the notice required by Florida Statutes § 627.727(9).

45. There is an actual case and controversy between Plaintiffs and class members and Defendant State Farm regarding Defendant's obligations to stack UM coverage under automobile insurance policies. Plaintiffs and class members have an interest in the declaration of their rights and legal relations to Defendant State Farm regarding their policies of UM coverage. The two issues in controversy are (1) whether Defendant State Farm has and is attempting to limit UM coverage in a way inconsistent with Florida Statutes § 627.727(9), and (2) whether Defendant State Farm has and is attempting to deny UM coverage based on language that is void as a result of Defendant State Farm's failure to provide the notice required by Florida Statutes § 627.727(9).

46. Plaintiffs and class members are informed and believe that they are entitled to declaratory

      relief declaring that the above-referenced language in Defendant State Farm's automobile insurance policies violates F.S. § 627.727(9) and is therefore void, and that Defendant State Farm has and is attempting to limit UM coverage in a way inconsistent with Florida law.  Plaintiffs and class members are informed and believe that they are entitled to injunctive relief requiring Defendant State Farm to provide UM coverage in language consistent with Florida law, and requiring Defendant State Farm to base any future determination of the stackability of UM coverage on the language of the Florida statutes, rather than on the illegally limiting language of its policies.  Plaintiffs and class members are informed and believe that they are entitled to injunctive relief prohibiting Defendant State Farm from limiting UM coverage in a way inconsistent with Florida law.

47.    Plaintiffs and class members are informed and believe that they are entitled to declaratory relief declaring that the limitations on UM coverage contained in policies regarding which Defendant State Farm failed to provide the notice required by Florida Statutes § 627.727(9) are void, and that Defendant State Farm has and is attempting to deny UM coverage based on language that is void under Florida law.  Plaintiffs and class members are informed and believe that they are entitled to injunctive relief requiring Defendant State Farm to cease denying UM coverage based on language limiting UM coverage in policies regarding which Defendant State Farm has not provided the notice required by Florida Statutes § 627.727(9).

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

    A.    Certify a statewide class pursuant to Rule 23, Fed. R. Civ. P.;

    B.    Appoint the Plaintiffs to be the representatives of the Class;

C. Appoint the undersigned attorneys as counsel for the Class;

D. Enter an order granting the following Declaratory and Injunctive relief:

1. Declaring that the language in Defendant State Farm's automobile insurance policies purporting to limit UM coverage violates F.S. § 627.727(9) and is therefore void, and that Defendant State Farm has limited and is attempting to limit UM coverage in a way inconsistent with Florida law;

2. Declaring that the limitations on UM coverage contained in policies regarding which Defendant State Farm failed to provide notice as required by F.S. § 627.727(9) are void, and that Defendant State Farm has denied and is attempting to deny UM coverage based on language that is void under Florida law;

3. Enjoining Defendant State Farm from limiting UM coverage in a way inconsistent with Florida law, and requiring Defendant State Farm to base any future determination of UM coverage on the language of the Florida statutes, or policy language consistent with the Florida statutes;

4. Enjoining Defendant State Farm from denying UM coverage based on language limiting UM coverage in policies regarding which Defendant State Farm has not provided the notice required by Florida Statutes § 627.727(9);

F. Award attorneys' fees and costs; and

G.   Grant such further relief as this Court deems just and proper.

## Count II
## Breach of Contract

48.   Plaintiffs incorporate and reallege paragraphs 1 through 40 as if fully set forth herein.

49.   Plaintiffs have timely paid the premiums on both Policy A and Policy B issued by Defendant State Farm and containing UM coverage. Plaintiffs have fulfilled any and all other conditions precedent to Defendant State Farm's performance under Policy A and Policy B.

50.   Plaintiffs made a proper and timely claim for the UM coverage contained in Policy B.

51.   Defendant State Farm has denied Plaintiffs UM coverage under Policy B.

52.   Defendant State Farm had and has an obligation under its contract with Plaintiffs contained in Policy B to provide Plaintiffs with the UM coverage contained in Policy B.

53.   Defendant State Farm has failed to, and continues to fail to, meet its obligations to provide Plaintiffs with UM coverage under Policy B.

54.   Defendant State Farm's refusal to allow Plaintiffs to "aggregate" or "stack" the UM coverages provided under Policy B onto that provided by Policy A constitutes a material breach of contract by Defendant State Farm.

55.   As a direct and proximate result of Defendant State Farm's breach of contract, Plaintiffs have suffered actual damages.

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.   Certify a statewide class pursuant to Rule 23, Fed. R. Civ. P.;

B.   Appoint the Plaintiffs to be the representatives of the Class;

  C. Appoint the undersigned attorneys as counsel for the Class;

  D. Award actual damages to Plaintiffs and other class members;

  E. Award attorneys' fees and costs; and

  F. Grant such further relief as this Court deems just and proper.

### **Demand For Jury Trial**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this 20th day of December, 2010.

      /s/ Paul S. Rothstein
      Paul S. Rothstein
      Attorney for Plaintiffs
      Florida Bar No.: 310123
      626 N. E. First Street
      Gainesville, Florida 32601
      Phone: (352) 376-7650
      Fax: (352) 374-7133

      John Piccin
      Attorney for Plaintiffs
      Florida Bar No. 0194033
      PICCIN LAW FIRM
      Post Office Box 159
      Ocala, Florida 34478-0159
      Phone: (352) 351-5446
      Fax: (352) 351-8057

## **CERTIFICATE OF SERVICE**

      I certify I presented the foregoing PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT to the Clerk of Court for filing and uploading to the EM/ECF system, which will send a Notice of Electronic Filing to the following:

John W Weihmuller
weihmuller@butlerpappas.com
Brian D. Webb
bwebb@butlerpappas.com
Butler Pappas, LLP
Suite 500
777 S Harbour Island Blvd
Tampa, FL 33602-5723
813/281-1900
813/281-0900 (fax)

Kyle G.A. Wallace
kyle.wallace@alston.com
Allison S. Thompson
allison.thompson@alston.com
Alston & Bird, LLP
Suite 4200
1201 W Peachtree St NE
Atlanta, GA 30309-3424
404/881-7000
404/881-7777 (fax)

Cari K. Dawson
cari.dawson@alston.com
Alston & Bird, LLP*
1201 W Peachtree St
Atlanta, GA 30309-3424
404/881-7766
404/881-7777 (fax)

      This 20th day of December, 2010.

                                                /s/ Paul S. Rothstein
                                          PAUL S. ROTHSTEIN