UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

METRY KELLY and EUGENIE KELLY, )
his wife, and all others similarly situated, )
                                                     )
     Plaintiffs, )
                                                     )
vs. )    Case No. 5:10-cv-194-TJC-GRJ
                                                     )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a foreign )
insurance corporation, )
                                                     )
     Defendant. )
                                                     )

## CASE MANAGEMENT REPORT

     The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | February 11, 2011 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[all parties are directed to complete and file the attached] | January 28, 2011 |
| **Motions to Add Parties or to Amend Pleadings** | February 21, 2011 |
| **Disclosure of Expert Reports** | Stayed pending resolution of Defendant's motion to dismiss.[1] |

---

[1] As explained in more detail below, the parties request that the Court stay all discovery pending resolution of Defendant's motion to dismiss, which was filed on January 21, 2011. (Dkt. No. 38). The Parties request that this Court schedule its mandatory preliminary pretrial

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | Stayed pending resolution of Defendant's motion to dismiss. |
| **Dispositive and <u>Daubert</u> Motions**<br>[Court requires 4 months or more before trial term begins] | Stayed pending resolution of Defendant's motion to dismiss. |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived). Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month. If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | To be determined following determination of class certification. |
| **Estimated Length of Trial** [trial days] | To be determined following determination on class certification. |
| **Jury / Non-Jury** | Jury |
| **Mediation**                     Deadline:<br>Mediator:<br>Address:<br>Telephone:<br>[Mediation is <u>mandatory</u> in most Track Two cases; Court | The Parties have discussed court-ordered mediation and are working together to select a mutually agreeable mediator and a date for the mediation. |

conference for this Track Three case after resolution of the motion to dismiss, as necessary, and establish deadlines for discovery, experts, motion for class certification, dispositive motions and other deadlines at that time. The Parties request that the Court order that the Parties submit a Supplemental Case Management Report no later than fourteen (14) days prior to the mandatory preliminary pretrial conference.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation. A list of certified mediators is available on the Court's website and from the Clerk's Office.] | |
| **All Parties Consent to Proceed Before Magistrate Judge** If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____  No_X_ |

I.  **Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.) Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>December 8, 2010</u> at <u>4:00 p.m.</u> and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Paul S. Rothstein | Counsel for Plaintiffs |
| Zach West | Counsel for Plaintiffs |
| Kyla Alexander | Counsel for Plaintiffs |
| | |
| Cari K. Dawson | Counsel for Defendant |
| Kyle G.A. Wallace | Counsel for Defendant |

Counsel for the Parties held at least four (4) subsequent telephonic case management conferences.

II.  **Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [__] request [__] do not request a

preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

<u>This is a Track Three case. The Parties believe that the issues to be addressed at the mandatory preliminary pretrial conference are those included in this Case Management Report. As explained below, the Parties request that the mandatory preliminary pretrial conference be scheduled and held following this Court's resolution of Defendant's pending motion to dismiss.</u>

**III.   Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [ __ ] have exchanged [ X ] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by <u>February 11, 2011</u>.

**IV.   Agreed Discovery Plan for Plaintiffs and Defendants**

   **A.   Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate

of Interested Persons and Corporate Disclosure Statement.  <u>Any party who has not already filed and served the required certificate is required to do so</u> **immediately**.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

      **B.**      **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  <u>See</u> Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook.  Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

<u>Defendant filed a motion to dismiss Plaintiffs' Second Amended Class Action Complaint on January 21, 2011.  (Dkt. No. 38).  The Parties agree that a stay of all discovery pending resolution of Defendant's motion to dismiss is appropriate in this case.  Defendant's motion presents a facial challenge to the legal sufficiency of Plaintiffs' claims and will not involve any issues of fact.  The Eleventh Circuit has instructed that "[f]acial challenges to the</u>

legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, ***should*** . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added). Because such motions "always present[] purely legal question[s], there are no issues of fact because the allegations contained in the pleading are presumed to be true" and "neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.* (internal citations omitted).

If the motion to dismiss is granted, even in part, the need for—and in fact the appropriateness of—discovery as to the dismissed claims will be eliminated. The proper scope of discovery under Rule 26 is dictated by the claims or defenses set forth in a well-pleaded complaint and answer. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Until this Court rules on the motion to dismiss and makes a determination as to what, if anything, constitutes part of a well-pleaded complaint, the appropriate scope of discovery cannot be properly identified. *See Chudasama*, 123 F.3d at 1368 (noting Rule 26(b)(1)'s limitation on allowable discovery and holding that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible").

Furthermore, engaging in discovery before the resolution of Defendant's motion to dismiss may unnecessarily waste the scarce resources of both the Court and the Parties. *See Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided" while "[a]llowing a case to proceed through the pretrial processes with an invalid

claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, . . . squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system"). The Court should therefore issue an Order staying all discovery until the Court rules on Defendant's motion to dismiss.

The Parties request that this Court not enter a scheduling order until the pending motion to dismiss is resolved by the Court. The Parties request that the Court stay all discovery pending resolution of the motion to dismiss and schedule its mandatory preliminary pretrial conference for this Track Three case after resolution of the motion to dismiss, as necessary, and establish deadlines for discovery, experts, motion for class certification, dispositive motions and other deadlines at that time. The Parties request that the Court order that the Parties submit a Supplemental Case Management Report no later than fourteen (14) days prior to the mandatory preliminary pretrial conference.

### C. Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order

shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

<u>Given the nature of this case and the anticipated discovery that will be sought by the Plaintiffs, the Parties plan to submit a Stipulated Protective Order for entry by the Court consistent with the Court's local rules including those referenced above. Defendant will provide a draft Stipulated Protective Order within fifteen (15) days of the filing of this report so that the Parties may submit the proposed order to this Court without delay.</u>

**D.     Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

<u>Disclosure and production will be limited to data reasonably available to the Parties in the ordinary course of business as provided by the Federal Rules of Civil Procedure. Defendant's position is that electronically stored information may be produced in PDF, TIFF or native format. Plaintiffs do not agree to the production of electronic data in TIFF format. To the extent that any dispute arises between parties with respect to the form of production of any electronically stored information, any such issue shall be decided upon motion of the requesting party.</u>

<u>After receiving a production of electronically stored information, if the requesting party seeks production of metadata associated with the electronically stored information, it</u>

<u>will demonstrate to the producing party a reasonable basis for requesting the metadata. If the Parties cannot agree on the production of metadata, the production of metadata will be decided upon motion of the requesting party.</u>

<u>The Parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.</u>

<u>Privilege Log: The Parties agree that they will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. Absent good cause, a party will produce a privilege log within sixty days after its first response to a request for the production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions.</u>

**V.   Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov. If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

<u>The Parties have discussed court-ordered mediation and are working together to select a mutually agreeable mediator and a date for the mediation. The Parties request that the Court permit the Parties to continue such efforts and report to the Court prior to or at the preliminary pretrial conference.</u>

**VI.     Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

**A.     Schedule for Plaintiffs' Motion for Class Certification**:

<u>For the reasons discussed above, the Parties believe that all discovery should be stayed pending resolution of Defendant's motion to dismiss. As such, the Parties believe that this Court should wait to set a schedule for Plaintiffs' Motion for Class Certification until the Court rules on Defendant's motion to dismiss. As explained more fully above, the Parties request that this Court schedule its mandatory preliminary pretrial conference for this Track Three case after resolution of the motion to dismiss, as necessary, and establish a briefing schedule and hearing date for Plaintiffs' motion for class certification at that time.</u>

**B.     Plaintiffs' Request for Inclusion of Specific Additional Provisions:**

Plaintiffs request the following additional provisions be included in this Case Management Report.

<u>Redaction of Documents</u>:

Each side may redact documents that contain information that is non-responsive, that is subject to a claim of privilege (whether based on attorney-client privilege, the work product doctrine, or similar law or rule), contains private information of Defendant's customers, or otherwise as appropriate under the law and any protective order entered into by the Parties. Each side retains the right to move to compel production of information that has been redacted, and the other side retains the right to object.

<u>Limits on Discovery – Rule 26(f)(3)(E)</u>:

    i.    <u>Number of Written Interrogatories</u>:  Each side will have 25 interrogatories to apply to class cert discovery, and 25 to apply to merits discovery.

    ii.    <u>Requests for Admission</u>:  Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for admission.

    iii.    <u>Requests for Production</u>:  Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of requests for production.

    iv.    <u>Oral Depositions</u>:  Pursuant to the Federal Rules of Civil Procedure, there shall be no limit on the number of depositions permitted, and the parties will follow the seven-hour time limit set forth in Rule 30(d)(2) of the Fed. R. Civ. P. unless a different time is stipulated or ordered by the Court.

<u>Supplementation of Disclosures and Responses</u>:

Supplementation under Fed. R. Civ. P. 26(e) will be provided within thirty days of the event giving rise to the need to supplement.

<u>Nature and Basis of Claims and Defenses</u>:

Plaintiffs assert claims for declaratory and injunctive relief and for breach of contract based on Defendant allegedly refusing to provide uninsured motorist coverage it was contractually obligated to provide.  Plaintiffs assert that Defendant denied uninsured motorist coverage based on uninsured motorist coverage limitations

that did not comply with Florida law and/or on limitations in policies regarding which Defendant did not provide notice as required by Florida law. Plaintiffs seek declaratory and injunctive relief declaring that Defendant has and is attempting to limit uninsured motorist coverage based on provisions that are void under Florida law, and enjoining Defendant from doing so, as well as actual damages. The exact nature of the relevant defenses are presently unknown. It is anticipated that Defendant will deny the material allegations of Plaintiffs' complaint and raise various affirmative defenses.

*Defendant's Position:* Defendant does not oppose Plaintiffs' request for 25 interrogatories for each phase of fact discovery. The Federal Rules of Civil Procedure, specifically Rule 30(a)(2)(A)(i), limits the number of depositions that may be taken by the plaintiffs or defendants absent leave of court and Defendant objects to Plaintiffs' proposed provision purporting to modify that rule and provide no limit on the number of depositions. Otherwise, Defendant states while it intends to adhere to all of the Federal Rules of Civil Procedure, it does not join in the inclusion of these additional provisions by Plaintiffs because Defendant does not believe that the other additional language is part of the information to be included in the Case Management Report or otherwise necessary for specific inclusion in this Report.

Respectfully submitted this 26th day of January, 2011.

| | |
|---|---|
| */s/ Paul S. Rothstein* | */s/ Cari K. Dawson* |
| **Paul S. Rothstein, Esq.** | **Cari K. Dawson (admitted *pro hac vice*)** |
| Florida Bar No.: 310123 | Georgia Bar No. 213490 |
| 626 N.E. First Street | **Kyle G.A. Wallace (admitted *pro hac vice*)** |
| Gainesville, Florida 32601 | Georgia Bar No. 734167 |
| Telephone: (352) 376-7650 | **Allison S. Thompson (admitted *pro hac vice*)** |
| Facsimile: (352) 374-7133 | Georgia Bar No. 779509 |
| Email: psr@rothsteinforjustice.com | ALSTON & BIRD LLP |
| | 1201 West Peachtree Street |
| **John Piccin, Esq.** | Atlanta, Georgia 30309-3424 |
| Florida Bar No. 0194033 | Telephone: (404) 881-7000 |
| Piccin Law Firm | Facsimile: (404) 881-7777 |
| Post Office Box 159 | Email: cari.dawson@alston.com |
| Ocala, Florida 34478-0159 | Email: kyle.wallace@alston.com |
| Telephone: (352) 351-5446 | Email: allison.thompson@alston.com |
| Facsimile: (352) 351-8057 | |
| Email: jp@piccinlawfirm.com | **John W. Weihmuller, Esq.** |
| | Florida Bar No.: 0442577 |
| *Attorneys for Plaintiff* | **Brian D. Webb, Esq.** |
| | Florida Bar No.: 0073989 |
| | BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP |
| | 777 S. Harbour Island Boulevard, Suite 500 |
| | Tampa, Florida 33602 |
| | Telephone: (813) 281-1900 |
| | Facsimile: (813) 281-0900 |
| | Email: jweihmuller@butlerpappas.com |
| | Email: bwebb@butlerpappas.com |
| | |
| | *Attorneys for Defendant* |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| METRY KELLY and EUGENIE KELLY, his wife, and all others similarly situated, ) ) ) Plaintiffs, ) ) vs. ) ) STATE FARM MUTUAL AUTOMOBILE ) INSURANCE COMPANY, a foreign ) insurance corporation, ) ) Defendant. ) ) | Case No. 5:10-cv-194-TJC-GRJ |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within and foregoing **CASE MANAGEMENT REPORT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to:

> Paul S. Rothstein, Esq.
> paul.s.rothstein@att.biz
> 626 N.E. First St.
> Gainesville, FL 32601
>
> John Piccin, Esq.
> jp@piccinlawfirm.com
> Piccin Law Firm
> Post Office Box 159
> Ocala, FL 34478

This 26th of January, 2011.

                                              */s/ Kyle G.A. Wallace*
                                              KYLE G.A. WALLACE