UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

METRY KELLY and EUGENIE KELLY, )
his wife, and all others similarly situated, )
)
    Plaintiffs, ) Case No.: 5:10-CV-00194-TJC-TEM
)
v. )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a foreign )
insurance corporation, )
)
    Defendant. )
_____)

**PLAINTIFFS' SURREPLY IN OPPOSITION
TO DEFENDANT STATE FARM'S MOTION TO DISMISS**

Plaintiffs Metry Kelly and Eugenie Kelly ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel and pursuant to this Court's Order dated March 7, 2011 hereby file this surreply in opposition to Defendant State Farm's motion to dismiss, and state:

State Farm argues that the case of *Martin v. St. Paul Fire & Marine Insurance Co.*, 670 So.2d 997 (Fla. 2d DCA 1996) is controlling authority that defeats Plaintiffs' claims. Reply Brief in Support of Motion to Dismiss ("Reply"), Doc. 46, p. 4. However, a federal court sitting in diversity need not follow the decision of an intermediate state appellate court if there exists a persuasive indication that the state's highest court would decide the issue otherwise. *James D. Hinson Elec. Contracting Co., Inc. v. BellSouth Telecommunications, Inc.*, 642 F.Supp.2d 1318, 1324 (M.D. Fla. 2009). The recent *Rando* case qualifies as the persuasive indication that the

1

Florida Supreme Court would not follow *Martin*. In *Rando*, the Court found that the statutory prescriptions in favor of uninsured motorist ("UM") coverage were so strong that the Court mandated compliance with the notice requirement of Fla. Stat. § 627.727(9) on a ***Delaware policy*** issued in Florida ***on a car that was registered and principally garaged in Delaware***. [**emphasis added**] *Rando v. Government Employees Ins. Co.*, 39 So.3d 244, 246, 250 (Fla. 2010). Here, State Farm delivered or issued for delivery in Florida Plaintiffs' Corvette policy after Plaintiffs established residency in Florida. Plaintiff's Second Amended Class Action Complaint ("Complaint"), Doc. 33, ¶ 3; Ex. B, p. 1.[1] The putative subclasses all include persons who had, *inter alia*, an automobile liability insurance policy with UM coverage that was first issued in a state other than Florida and subsequently delivered or issued for delivery in Florida. Complaint, Doc. 33, pp. 7-8. Generally speaking, under the facts of *Rando*, Fla. Stat. § 627.727(1) would not even apply. *See* Fla. Stat. § 627.727(1) ("No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state **with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state** unless uninsured motor vehicle coverage is provided therein..." [**emphasis added**]); *Rando*, 39 So.2d at 250. However, the *Rando* court found that the language of Fla. Stat. § 627.727(1) did not limit the court's "application of subsection (9) only to policies for vehicles registered or principally garaged in Florida." *Rando*, 39 So.2d at 250. The protections afforded the insured under Fla. Stat. § 627.727 are so broad and

---

[1]In Florida, "upon each renewal of an insurance policy an entirely new and independent contract of insurance is created." *Marchesano v. Nationwide Property and Cas. Ins. Co.*, 506 So.2d 410, 413 (Fla. 1987) (citations omitted). "An insurance policy is normally renewed upon the payment of a new premium." *Id.* Thus, when Plaintiffs renewed the Corvette policy in Florida, that created an entirely new and independent contract of insurance. *See id.*

2

liberally construed that the notice requirement of Fla. Stat. § 627.727(9) applies even when Fla. Stat. § 627.727(1) does not.  The Florida Supreme Court's application of the notice requirement of Fla. Stat. § 627.727 in *Rando* is persuasive indication that in this case, where the matter revolves around the issue of notice [2], the Florida Supreme Court would not follow *Martin*, a Second DCA opinion that never addressed the notice issue. [3]

While State Farm lists low premiums as one of the factors relied on by *Martin* in reaching its decision,  State Farm cannot avoid that Plaintiffs here simply never received actual statutorily required notice of the restricted  UM coverage. [4]   Furthermore, *Martin* is distinguishable from the instant case because it did not address the issue of insureds who, like Plaintiffs in the instant

---

[2]The *Martin* court included the "correspondence sent to Mr. Martin with this policy" as one of the reasons Martin should have been on notice of the limited UM coverage. *Martin*, 670 So.2d at 999.  There is nothing in the record of this case reflecting written notice to Plaintiffs of the limitations on UM coverage consistent with Fla. Stat. 627.727(9) .

[3]Two other recent Florida cases highlight the strength of the rule that UM coverage is imposed by statute and that, except for very narrow statutory limitations, it is not to be whittled away by exclusions or exceptions.  *See Diaz-Hernandez v. State Farm Fire and Cas. Co.*, 19 So.3d 996, 998-99 (Fla. 3d DCA 2009); *Saris v. State Farm Mut. Auto. Ins. Co.*, 49 So.3d 815, 817 (Fla. 4th DCA 2010).  Both the Third DCA and the Fourth DCA held that a requirement that the insured sue the driver of the uninsured vehicle before recovering UM benefits was void as against the public policy of the UM statute. *Diaz-Hernandez*, 19 So.3d at 999; *Saris*, 49 So.3d at 818.  Both courts so held even in the face of an Eleventh Circuit case, *Bodden v. State Farm Mut. Auto. Ins. Co.*, 195 F.App'x 858 (11th Cir. 2006), which upheld such a requirement over a public policy argument because it "saw nothing in the uninsured motorist statute which prohibited such a requirement." *Saris*, 49 So.3d at 818-19.  Clearly the UM statute should be strictly construed to only allow those limitations, exceptions, and burdens on the insured that are explicitly set forth in the statute.

[4]Even if *arguendo*, we accept State Farm's position that the use restrictions in the *Martin* case and the instant case are practically  indistinguishable, then it logically follows that the "limited use"(Complaint, Doc. 33, Ex. B, p. 1) defines for the insured the benefit of the bargain; i.e. significant use limitations equal dramatically lowered premiums.   In other words, the lowered premiums would not constitute the implied notice of restricted coverage suggested by State Farm. State Farm's Motion to Dismiss ("Motion to Dismiss"), Doc. 38, pp. 3-4, 12-13.

case, first had a policy issued in a state other than Florida, and who subsequently had the policy delivered or issued for delivery in Florida.

State Farm contends that Plaintiffs have not shown how the uninsured motorist ("UM") limitations on the Corvette policy are facially void in contravention of Fla. Stat. § 627.727. Reply, Doc. 46, p. 3. On the contrary, in the Complaint Plaintiffs have firmly established that the provisions in the Corvette policy purporting to limit UM coverage are void in contravention of the specific and limited ways insurers are allowed to offer limited UM coverage in Florida, as articulated in Fla. Stat. § 627.727(9)(a)-(e). Plaintiffs attached to the Complaint a copy of the Corvette policy (Doc. 33, Ex. B) and referenced the specific offending provisions while citing to the specific portions of Fla. Stat. § 627.727(9) with which those provisions are inconsistent. Complaint, Doc. 33, ¶¶ 12, 14-15.

State Farm also contends that Plaintiffs, "[u]nable to correct [the purported absence of the "no adequate legal remedy" element], merely point to potential injury of hypothetical class members." Reply, p. 9. This statement fails to take into account that Plaintiffs have cited authority[5] for their contention that where future harm is alleged, claims for monetary damages and injunctive relief may properly coexist. Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant State Farm's Motion to Dismiss, Doc. 42, pp. 13-15. The *Burstein* case allowed claims for injunctive relief and monetary damages to proceed where the plaintiff alleged continuing harm, finding that "a party may pursue claims for both monetary damages and injunctive relief where it is alleged that defendant is likely to continue its tortious

---

[5]That authority consists of the cases *Burstein v. First Penn-Pacific Life Ins. Co.*, 2002 WL 34186960 (S.D. Fla. Feb. 11, 2002) and *Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F.Supp.2d 1093, 1105-06 (S.D. Fla. 2000).

activities." *Burstein v. First Penn-Pacific Life Ins. Co.*, 2002 WL 34186960, *8 (S.D. Fla. Feb. 11, 2002)[6], *citing Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F.Supp.2d 1093, 1105-06 (S.D. Fla. 2000). In the Complaint, Plaintiffs have alleged that State Farm will likely continue to deny UM coverage based on policy provisions void under Florida law. Complaint, Doc. 33, ¶¶ 21, 23. This continuing harm applies equally to the Named Plaintiffs, who still maintain the Corvette policy, and absent class members. Thus, even if the claims of the putative class members are not taken into account, Plaintiffs individually have alleged continuing harm which allows them to maintain claims for monetary damages and injunctive relief.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant State Farm's motion to dismiss in its entirety.

Respectfully submitted this 9th day of March, 2011.

        /s/ Paul S. Rothstein
PAUL S. ROTHSTEIN
Attorney for Plaintiffs
Florida Bar No.: 310123
626 N. E. First Street
Gainesville, Florida 32601
Phone: (352) 376-7650
Fax: (352) 374-7133

---

[6] It is significant that *Burstein* was also a class action, like the instant case, and that the decision to permit the claims for monetary damages and injunctive relief to proceed came before any class was certified. *Burstein v. First Penn-Pacific Life Ins. Co.*, 2002 WL 34186960, *9 (S.D. Fla. Feb. 11, 2002).

**CERTIFICATE OF SERVICE**

      I certify I presented the foregoing PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT STATE FARM'S MOTION TO DISMISS to the Clerk of Court for filing and uploading to the EM/ECF system, which will send a Notice of Electronic Filing to the following:

John W Weihmuller
weihmuller@butlerpappas.com
Brian D. Webb
bwebb@butlerpappas.com
Butler Pappas, LLP
Suite 500
777 S Harbour Island Blvd
Tampa, FL 33602-5723
813/281-1900
813/281-0900 (fax)

Cari K. Dawson
cari.dawson@alston.com
Kyle G.A. Wallace
kyle.wallace@alston.com
Allison S. Thompson
allison.thompson@alston.com
Alston & Bird, LLP
Suite 4200
1201 W Peachtree St NE
Atlanta, GA 30309-3424
404/881-7000
404/881-7777 (fax)

      This 9th day of March, 2011.

                                                /s/ Paul S. Rothstein
                                            Paul S. Rothstein