UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| METRY KELLY and EUGENIE KELLY, his wife, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance corporation,<br><br>Defendant. | Case No. 5:10-cv-194-TJC-GRJ |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S REQUEST FOR ORAL ARGUMENT OR, ALTERNATIVELY, FOR LEAVE TO RESPOND TO PLAINTIFFS' <u>SURREPLY IN OPPOSITION TO MOTION TO DISMISS</u>**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its undersigned counsel, hereby requests this Court to hear the oral arguments of counsel in connection with State Farm's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (Dkt. #32). Alternatively, State Farm moves this Court for leave to file a short response to Plaintiffs' Surreply in Opposition to Motion to Dismiss (Dkt. # 52). In support of these alternative requests, State Farm shows the Court as follows:

1. On January 21, 2011, State Farm moved to dismiss Plaintiffs' Second Amended Class Action Complaint, arguing, among other things, that all of Plaintiffs' claims fail as a matter of law under the holding of *Martin v. St. Paul Fire & Marine Insurance, Co.*, 670 So. 2d 997 (Fla. 2d DCA 1996). (Def.'s Mot. to Dismiss & Mem. in Supp. at 10-14).

2. Plaintiffs have now filed two briefs in opposition to State Farm's motion to dismiss, (*see* Pls.' Resp. in Opp. to Mot. to Dismiss, Dkt. # 42; Surreply in Opp. to Mot. to Dismiss, Dkt. # 52), both of which assert the same basic premise that "the *Martin* case does not defeat Plaintiffs' claims." (Pls.' Resp. in Opp. at 9-12; *see also generally* Surreply).

3. However, Plaintiffs' most recent submission argues for the first time in detail that the case of *Rando v. Government Employees Insurance Co.*, 39 So. 3d 244 (Fla. 2010), "qualifies as . . . persuasive indication that the Florida Supreme Court would not follow *Martin*." (Surreply at 1-2). Plaintiffs primarily argue that the *Martin* case only addressed the applicability of Fla. Stat. § 627.727(1), while *Rando* – and this case – center on the applicability of Fla. Stat. § 627.727(9). State Farm disputes this limitation of the *Martin* holding, as well as Plaintiffs' characterization of *Rando* and their reliance on that decision as "persuasive indication" that *Martin* does not control State Farm's motion to dismiss.[1]

4. As evidenced by the parties' written submissions to date, State Farm's motion to dismiss presents a complex legal question regarding the relevance of the *Martin* holding to the viability of Plaintiffs' claims. The parties' briefs rely upon differing authorities, and differing interpretations of those authorities. State Farm submits that this Court's decisional process will be significantly aided by counsels' oral presentations of the parties' legal contentions. In addition, the Court will benefit from the ability to directly inquire of the parties' counsel regarding the law pertinent to the outcome of the issue presented in State

---

[1] Plaintiffs' reliance on *Rando* is misplaced, as that case did not involve or address the fundamental issue here – namely, the applicability of Fla. Stat. § 627.727 to an antique automobile insurance policy. Moreover, Plaintiffs' flawed attempt to use the inapposite *Rando* decision to undermine or limit the holding in *Martin* contradicts their own allegations because *Rando* involved a vehicle "principally garaged" outside the State of Florida. (*Cf.* Second Am. Class Action Compl., Dkt. # 33, ¶ 3). State Farm requests oral argument so that it may elaborate these points and assist with this Court's determination of the relevant issues. Alternatively, and for the same reasons, State Farm seeks the opportunity to briefly respond to Plaintiffs' Surreply.

Farm's motion to dismiss, and State Farm respectfully requests this Court to schedule oral argument in connection with same.  Should this Court grant State Farm's request for oral argument, pursuant to Local Rule 3.01(j), State Farm estimates that the total time required for argument would be thirty (30) minutes, or approximately fifteen (15) minutes per side.

5. Alternatively, for the same reasons articulated above, State Farm respectfully requests leave to file a response to Plaintiffs' Surreply, not to exceed five (5) pages in length, in order to address the issues raised therein.  State Farm shall file such response within five (5) business days following this Court's order granting leave to file.

6. Pursuant to Local Rule 3.01(g), State Farm has conferred with Plaintiffs' counsel who has stated that they oppose the requests outlined herein.

Respectfully submitted this 17th day of March, 2011

| | /s/ Allison S. Thompson |
|---|---|
| JOHN W. WEIHMULLER | CARI K. DAWSON |
| Fla. Bar No. 0442577 | Admitted *pro hac vice* |
| jweihmuller@butlerpappas.com | cari.dawson@alston.com |
| BRIAN D. WEBB | KYLE G.A. WALLACE |
| Fla. Bar No. 0073989 | Admitted *pro hac vice* |
| bwebb@butlerpappas.com | kyle.wallace@alston.com |
| BUTLER PAPPAS WEIHMULLER KATZ & CRAIG LLP | ALLISON S. THOMPSON |
| | Admitted *pro hac vice* |
| 777 S. Harbour Island Boulevard Suite 500 | allison.thompson@alston.com |
| Tampa, Florida 33602 | ALSTON & BIRD LLP |
| (813) 281-1900 | 1201 West Peachtree Street |
| (813) 281-0900 (*Facsimile*) | Atlanta, Georgia 30309 |
| | (404) 881-7000 |
| | (404) 881-7777 (*Facsimile*) |

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

METRY KELLY and EUGENIE KELLY, )
his wife, and all others similarly situated, )
)
    Plaintiffs, )
)
vs. )   Case No. 5:10-cv-194-TJC-GRJ
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a foreign )
insurance corporation, )
)
    Defendant. )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within and foregoing **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S REQUEST FOR ORAL ARGUMENT OR, ALTERNATIVELY, FOR LEAVE TO RESPOND TO PLAINTIFFS' SURREPLY IN OPPOSITION TO MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send automatic email notification to:

    John Piccin, Esq.
    jp@piccinlawfirm.com
    PICCIN LAW FIRM
    Post Office Box 159
    Ocala, FL 34478

    Paul S. Rothstein, Esq.
    paul.s.rothstein@att.biz
    626 N.E. First St.
    Gainesville, FL 32601

This 17th day of March, 2011.

                              /s/ Allison S. Thompson
                              ALLISON S. THOMPSON