# Exhibit A

55 So.3d 636
District Court of Appeal of Florida,
Fifth District.

Nathan SIMMONS, Appellant,
v.
STATE FARM FLORIDA
INSURANCE COMPANY, Appellee.

No. 5D09–2609.   Feb. 4, 2011.

**Synopsis**

**Background:** Insured brought action against insurer seeking a declaration that he was entitled to $4,000,000 in uninsured motorist (UM) coverage under umbrella policy that offered $1,000,000 in UM coverage and covered four vehicles. The Circuit Court, Orange County, Jose R. Rodriguez, J., awarded summary judgment to insurer. Insured appealed.

**Holding:** The District Court of Appeal, Jacobus, J., held that policy did not provide stacked coverage, and thus insured was entitled to a maximum of $1,000,000 in UM coverage.

Affirmed.

West Headnotes (1)

1   **Insurance**  "Stacking"

    Umbrella policy that offered $1,000,000 in uninsured motorist (UM) coverage and covered four vehicles and three drivers did not provide stacked coverage, and thus insured who was injured in a collision with an underinsured motorist was entitled to a maximum of $1,000,000 in UM coverage, rather than $4,000,000; covered vehicles were not identified by make and model or year and vehicle identification number (VIN) in the policy, and separate premiums were not paid for each vehicle, but rather the total premium was based, in part, on the number of ratable exposures, which was the lesser of the number of covered vehicles or drivers.

**Attorneys and Law Firms**

*637 Jamie Billotte Moses and Reinald Werrenrath, III, of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellant.
Betsy E. Gallagher and Amy L. Miles of Law Office of Kubicki Draper, Tampa, for Appellee.

**Opinion**

JACOBUS, J.

Nathan Simmons timely appeals a final summary judgment entered in favor of State Farm Florida Insurance Company. Simmons was severely injured in a car accident. At that time, he was insured under a State Farm umbrella policy issued to his father, which provided $5,000,000 of liability coverage and $1,000,000 of uninsured motorist coverage. The tortfeasor had lower coverage limits than Simmons' father. Simmons therefore made a claim against State Farm for declaratory relief. He contended that the umbrella policy provided stacked coverage of $1,000,000 per vehicle and, because there were four vehicles covered at the time the policy was issued, State Farm owed him $4,000,000. The trial court ruled in State Farm's favor, finding the umbrella policy did not stack and Simmons was only entitled to $1,000,000 UM coverage. We agree and affirm.

The exposure section of Simmons' father's policy indicates that it covers four automobiles and three operators. The policy does not, however, identify the make or model of the covered cars. Likewise, the year and the VIN number of the covered cars are not listed in the policy. The policy sets forth an annual premium, which is separated into two components. The first component is for liability coverage and the second component is for UM coverage.

This case is very similar to *United Services Automobile Ass'n v. Roth,* 744 So.2d 1227 (Fla. 4th DCA 1999). There, one of the insureds on Roth's policy was seriously injured in a car accident. A claim was made under the USAA umbrella policy for UM benefits. UM coverage under the policy was $1,000,000 and the Roths owned five cars. Roth claimed the insurance stacked and he was entitled to $4,000,000 in available coverage. The trial court agreed. On appeal, the fourth district reversed, concluding the USAA policy did not stack because an individual premium was not paid for each automobile. *Id.* at 1230. In reaching this decision, the *Roth* court emphasized the fact that USAA charged the same premium to each person regardless of the number of vehicles

he owned. It further stated that stacking of coverage "is a judicial creation, based on the common sense notion that an insured should be entitled to get what is paid for." _Id. at 1229._ That is, if an insured "pays separate premiums for uninsured motorist protection on separate vehicles, the insured should get the benefit of coverage for each individual premium paid." _Id.; see also Tucker v. Gov't Emps. Ins. Co., 288 So.2d 238, 242 (Fla.1973)_ ("An insured under uninsured motorist coverage is entitled by the statute to the full bodily injury protection that he purchases and for which he pays premiums.").

Here, the amount of the premium depended on the number of ratable exposures listed in the policy. The ratable exposures were determined by the lesser of the number of vehicles or drivers. Simmons' father's policy listed four vehicles and three drivers in the exposures section. Therefore, there were three ratable exposures. The underwriting manager who testified for State Farm stated that, although a component of the premium is based on the number of vehicles owned by the insured, there is no separate premium paid for each automobile. The policy issued *638 by State Farm in this case is essentially the same as the policy issued by USAA in _Roth._ That is, there is a single premium paid for the coverage, one component for liability coverage and one component for UM coverage. Accordingly, the State Farm policy issued to Simmons is a non-stacking policy by law.

Simmons also argues State Farm was required to obtain a rejection of UM stacking coverage pursuant to section 627.727(9), Florida Statutes (1984). There is no question that section 627.727(9) would apply to this policy if it was a stacking-type policy. Since we have ruled this is not a stacking policy, section 627.727(9) is not applicable here. _See Roth, 744 So.2d at 1230._

AFFIRMED.

EVANDER and COHEN, JJ., concur.

**Parallel Citations**

36 Fla. L. Weekly D265

---

**End of Document**                                    © 2011 Thomson Reuters. No claim to original U.S. Government Works.