**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

METRY KELLY and EUGENIE Kelly,
his wife, and all others similarly
situated,

                Plaintiffs,

-vs-                                          Case No.  5:10-cv-194-Oc-32TEM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
insurance company,

                Defendant.
_____

## ORDER

On June 27, 2011, the Court conducted a hearing on Defendant's Motion to Dismiss. (Doc. 38).  Based on argument at the hearing, the Court is unable to rule on the issues framed by the Motion.

This lawsuit arises out an automobile accident in which Plaintiff, Metry Kelly[1] was operating his GMC truck when he was struck by a negligent underinsured third-party. Plaintiffs allege that they have received the available liability insurance benefits under the third-party's policy.  Now, Plaintiffs are seeking uninsured/underinsured motorist ("UM") benefits under their two State Farm policies -- one policy issued on

---

[1] Mr. Kelly recently passed away. (Doc. 59).  Eugenie Kelly, as Personal Representative for his Estate, was substituted in his stead. (Doc. 63).

the GMC truck involved in the accident ("GMC Policy")[2] and a second policy issued on an antique 1973 Corvette ("Corvette Policy").[3] Plaintiffs contend that they should be entitled to stack the UM coverage from both policies because the so-called "anti-stacking" language in the Corvette Policy is void pursuant to §627.727, Fla. Stat.

In its Motion to Dismiss, State Farm argues that Plaintiffs' claims should be dismissed because §627.727 does not apply to the Corvette Policy. However, at the hearing, the parties acknowledged that there is a dispute as to whether Florida law even applies to the Corvette Policy. Plaintiffs contend that Florida law applies, while State Farm asserts that Maine law controls. The Court is disinclined to rule on a matter of Florida law before resolving an acknowledged choice of law dispute.

While the Court is unable to rule on the issues framed by the Motion, the Court, nonetheless, finds that Plaintiffs must file a Third Amended Class Action Complaint. First, at the hearing, the parties advised the Court that the claim for the UM benefits under the GMC policy still is in dispute. Plaintiffs' counsel concedes, however, that the current Complaint (Doc. 33) fails to include a claim for UM benefits under the GMC policy. This is problematic as the parties seem to agree that Plaintiffs must exhaust the UM benefits under the GMC Policy before they would be entitled to stack

---

[2] A copy of the declaration page and insurance policy are attached as Exhibit "A" to the Second Amended Complaint. (Doc. 33).

[3] A copy of the Coverages and Limits for the policy and a copy of the policy are attached as Exhibit "B" to the Second Amended Complaint. (Doc. 33).

coverage under the Corvette Policy.  Second, it is unclear if there is any basis for Plaintiffs' allegations that there are "more than 100" potential class members.  (Doc. 33, ¶¶18, 22).[4]  At the hearing, Plaintiffs' counsel could not articulate how that number was chosen or the factual basis that supports it.  Plaintiffs need to address these deficiencies in their Third Amended Class Action Complaint.

Accordingly, it is **ORDERED**:

1. Defendant's Motion To Dismiss (Doc. 38) is **DENIED** without prejudice.

2. On or before **July 18, 2011**, Plaintiffs shall file a Third Amended Class Action Complaint asserting a claim for coverage under the GMC Policy and addressing the allegations regarding the number of members in the proposed class.

3. Before Defendant is required to respond to the Third Amended Class Action Complaint, the parties should address the Court's jurisdictional concerns and questions as to how the case should best be resolved.  On or before **August 18,**

---

[4] State Farm removed this action to this Court alleging subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). (Doc. 1).  Federal courts have subject matter jurisdiction under CAFA only if (1) the number of proposed class members is not less than 100; (2) minimal diversity exists; and (3) the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000. Lowery v. Alabama Power Co., 483 F.3d 1184, 1193 (11th Cir. 2007). Plaintiffs previously filed a motion to remand which the Court denied. (Docs. 26, 28).  In that motion, Plaintiffs did not seriously challenge the number of proposed class members and instead focused on the jurisdictional amount. Moreover, in denying the motion to remand, the Court did not address the number of proposed class members other than noting that Plaintiffs had alleged in their First Amended Class Action Complaint (which was the operative pleading at the time of removal), that the class contains more than 1,000 persons.  (Doc. 26 at 7; Doc. 28).

**2011**, Defendant should file a brief addressing the following issues: (1) whether the allegations in the Third Amended Class Action Complaint regarding the number of class members are sufficient, and whether based on those allegations, the Court has subject matter jurisdiction under CAFA; (2) whether the Court should first resolve the damages issue to determine if the Corvette Policy is even implicated before addressing whether the GMC Policy and Corvette Policy can be stacked; and (3) what law applies to the Corvette Policy. Plaintiffs should file a response to Defendant's brief on or before **September 16, 2011.**

4. On or before **July 18, 2011**, the parties should advise the Court, if, instead of briefing these issues, they would rather have an early settlement conference concerning the named plaintiffs' individual claims (as opposed to the class claims) with a mediator or Magistrate Judge.

**DONE** and **ORDERED** in Jacksonville, Florida on this 30th day of June, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

abr
Copies:
Counsel of record