**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

METRY KELLY and EUGENIE Kelly,
his wife, and all others similarly
situated,

                Plaintiffs,

-vs-                                          Case No. 5:10-cv-194-Oc-32TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
insurance company,

                Defendant.
_____

## ORDER

On June 27, 2011, the Court conducted a hearing on Defendant's Motion to Dismiss. Based on argument at the hearing, the Court determined that it was unable to rule on the issues framed by the Motion and that a number of issues must be resolved before the case can move forward. See Doc. 66. Accordingly, the Court directed Plaintiffs to file a Third Amended Class Action Complaint, which Plaintiffs have done (Doc. 73), and ordered the parties to brief several issues related to the management of the case and the Court's subject matter jurisdiction, which the parties also have done. (Docs. 74, 77, 80).

**I.     BACKGROUND**

This lawsuit arises out an automobile accident in which Plaintiff, Metry Kelly[1] was operating his GMC truck when he was struck by a negligent underinsured third-party. Plaintiffs allege that they have received the available liability insurance benefits under the third-party's policy. Now, Plaintiffs are seeking uninsured/underinsured motorist ("UM") benefits under their two State Farm policies -- one policy issued on the GMC truck involved in the accident ("GMC Policy")[2] and a second policy issued on an antique 1973 Corvette ("Corvette Policy").[3] Plaintiffs allege that their damages exceed the UM coverage under the GMC Policy, and thus, Plaintiffs seek to "stack" the UM coverage from both Policies. Whether these Policies can be stacked is an issue central to this action.

The Corvette Policy contains a provision that purports to exclude UM coverage "for bodily injury to an insured. . . while occupying a motor vehicle owned by or leased to you, your spouse or any relative if it is not insured for this coverage under this policy." Doc. 73-1 at 11. Despite this so-called "anti-stacking" provision, Plaintiffs contend that they should be entitled to stack the UM coverage from both policies

---

[1] Mr. Kelly passed away (Doc. 59) and Eugenie Kelly, as Personal Representative for his Estate, was substituted in his stead. (Doc. 63).

[2] A copy of the declaration page and insurance policy are attached as Exhibit "A" to the Third Amended Class Action Complaint. (Doc. 73-1).

[3] A copy of the declaration page and the insurance policy are attached as Exhibit "B" to the Third Amended Class Action Complaint. (Doc. 73-2).

because the provision is void pursuant to §627.727, Florida Statutes, which governs UM coverage and provides guidelines for limiting UM coverage. State Farm has taken the position that §627.727 does not apply to speciality insurance policies such as the Corvette Policy.

Plaintiffs initially filed suit against State Farm in the Fifth Judicial Circuit in and for Marion County, Florida. State Farm subsequently removed the action to this Court alleging subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). (Doc. 1). After Plaintiffs' motion to remand was denied (Doc. 28), Plaintiffs filed the Second Amended Class Action Complaint (Doc. 33) and now the Third Amended Class Action Complaint. (Doc. 73). In the Third Amended Class Action Complaint, Plaintiffs seek UM coverage under both the GMC policy and the Corvette policy.[4] Plaintiffs also bring this action on behalf of themselves, and others similarly situated, as members of two damages subclasses and two declaratory/injunctive relief subclasses, asserting claims related to State Farm's alleged failure to comply with Florida law governing UM coverage.

---

[4] Although the parties agree that Plaintiffs must exhaust the UM benefits under the GMC Policy before they would be entitled to stack coverage under the Corvette Policy, earlier versions of the Complaint notably failed to include any claim for UM benefits under the GMC policy.

## II. DISCUSSION

### A. Subject Matter Jurisdiction under CAFA

State Farm removed the action to this Court alleging subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). (Doc. 1). Federal courts have subject matter jurisdiction under CAFA only if (1) the number of proposed class members exceeds 100; (2) minimal diversity exists; and (3) the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000. Lowery v. Alabama Power Co., 483 F.3d 1184, 1193 (11th Cir. 2007). At issue here is CAFA's numerosity requirement that the action must involve the monetary claims of 100 or more plaintiffs.[5] The parties agree that Plaintiffs have alleged sufficient facts to meet the numerosity requirement.

CAFA jurisdiction does not turn on what Plaintiffs may ultimately prove, but on whether the alleged facts are sufficient to satisfy the jurisdictional requirements. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). Even if it is later found that there are fewer than 100 members of the class, it would not divest the

---

[5] Plaintiffs previously filed a motion to remand which the Court denied. (Docs. 26, 28). In that motion, Plaintiffs did not seriously challenge the number of proposed class members and instead focused on the jurisdictional amount. Moreover, in denying the motion to remand, the Court did not address the number of proposed class members other than noting that Plaintiffs had alleged in their First Amended Class Action Complaint (which was the operative pleading at the time of removal), that the class contains more than 1,000 persons. (Doc. 26 at 7; Doc. 28).

court of subject matter jurisdiction under CAFA, which is properly determined at the time of removal. See Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

In the First Amended Class Action Complaint, which was the operative pleading at the time of removal, as well as the most recent Third Amended Class Action Complaint, Plaintiffs allege that there are "more than 100" potential class members. Doc. 73 at ¶¶ 24, 28. Plaintiffs also clarified that this allegation was based on their investigation of State Farm's market share in the automobile insurance industry in both Florida and nationwide; statistics regarding State Farm automobile policies with UM coverage; and statistics regarding residency flow into Florida. See Doc. 73 at ¶23.

Based on these allegations, the Court is satisfied that Plaintiffs' allegations are made in good faith and are sufficient to meet CAFA's numerosity requirement. Accordingly, the Court finds that it has subject matter jurisdiction over Plaintiffs' claims pursuant to CAFA.

### B. Case Management Issues

There is no dispute that Plaintiffs' claims under the Corvette Policy will not be at issue unless and until it is determined that the value of Plaintiffs' damages exceed the UM limits of the GMC Policy. After careful consideration, the Court finds that it would be most efficient to first resolve Plaintiffs' individual claims under the GMC

Policy to determine if the Corvette Policy is implicated before addressing the issues related to the Corvette Policy, stacked coverage, and the class claims. See Chrysler Int's Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002)(discussing the trial court's broad discretion in managing cases). The Court sees no reason to address the thorny legal issues related to the Corvette Policy – i.e., whether it is governed by Maine or Florida law and whether the requirements of §627.727 apply – before Plaintiffs' claims for UM benefits under the Corvette Policy are actually at issue. Moreover, the resolution of Plaintiffs' claims under the GMC Policy unquestionably will bear on Plaintiffs' standing in the class action claims.

State Farm represents, and Plaintiffs do not suggest otherwise, that the parties already have spent significant time litigating Plaintiffs' coverage claims under the GMC Policy and that they only need to complete discovery on Plaintiffs' damages claims and to determine whether summary adjudication or a jury trial is appropriate. Based on this undisputed representation, the Court is confident that Plaintiffs' individual claims under the GMC Policy can be resolved expeditiously.

Accordingly, the Court will bifurcate these proceedings to first litigate Plaintiffs' claims for UM coverage under the GMC Policy. If and when Plaintiffs receive a damages judgment in excess of the coverage limits of the GMC Policy, the Court then will address the other claims in this case, including Plaintiffs' individual claims under the Corvette Policy and the class action claims.

Accordingly, it is hereby **ORDERED**:

1. No later than **April 6, 2012**, the parties shall confer and file an amended case management report limited solely to Plaintiffs' claims for coverage under the GMC Policy in Counts I and II of the Third Amended Class Action Complaint.

2. No later than **April 6, 2012**, State Farm shall file a response to Counts I and II of Plaintiffs' Third Amended Class Action Complaint. State Farm is not required to respond to the other Counts pending further Order of the Court.

3. The Clerk will administratively close the file pending receipt of the amended case management report and setting of case deadlines.

**DONE** and **ORDERED** in Jacksonville, Florida on this 9th day of March, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

abr.
Copies w/attached CMR form:

Counsel of record